JUDITH ANN TOBIN, SIGRID AKE v. REVIEW BOARD OF THE INDIANA EMPLOYMENT SECURITY DIVISION AND ESSEX INTERNATIONAL, INC.

[Nos. 2-173A9, 2-173A10. Filed September 20, 1973.]

*William N. Mills,* of Huntington, for appellants.

*Theodore L. Sendak,* Attorney General, *Darrel K. Diamond,* Deputy Attorney General, for appellee.

## I.

### STATEMENT ON THE APPEAL

STATON, J.—Judith Ann Tobin and Sigrid Ake had been employed at Memcor, Inc. in Huntington, Indiana before a temporary August, 1972 lay off. They applied for unemployment compensation benefits and were referred to Essex International, Inc. in Andrews, Indiana. Neither appeared for an employment interview. The Employment Security Division commenced this action to determine their eligibility for benefits. The hearing referee found that neither Judith Ann Tobin or Sigrid Ake had established "good cause" for their refusal to appear at Essex International for employment. This decision of the referee was appealed to the full Review Board and affirmed.

Both Judith Ann Tobin and Sigrid Ake had substantially identical fact situations. Their review and this appeal consolidate their cases for a determination on the merits. Their assignment of error raises four issues:

ISSUE ONE: Was "good cause" shown?

ISSUE TWO: Was due process denied on review when additional evidence was not accepted?

ISSUE THREE: Was it error to put the wrong employer on the notice of hearing?

ISSUE FOUR: Did the Employment Security Division have standing to institute the proceedings?

Our opinion concludes upon *Issue One* that "good cause" was not shown. Form 666 must be filed to present additional evidence on review. None was filed; therefore, we conclude that there was no error upon *Issue Two*. As to *Issue Three,* no prejudicial error was shown, nor did Tobin or Ake carry their burden under AP. Rule 8.3(A) (7). Error predicated upon injury to a third party cannot be maintained by Tobin and Ake. Error, if any, as to Tobin and Ake is merely a defect in form, AP. 15(D). Finally as to *Issue Four,* we conclude that the Employment Security Division had a statutory right and duty to institute the proceedings upon the question of eligibility. We affirm.

## II.

## STATEMENT ON THE FACTS

Tobin and Ake were temporarily laid off in August, 1972 from their positions at Memcor, Inc. in Huntington, Indiana. Each filed for and received unemployment compensation benefits. One month after their lay off, they were both referred to potential employment at Essex International, Inc. in Andrews, Indiana. Neither Tobin or Ake made any further effort to inquire about the employment such as to the terms of employment of transportation possibilities from their homes to Andrews, Indiana. Beyond the sole assertion by Tobin that she had to take her husband to the doctor on the day of the referral, the only basis to support their denial of the referral is a general unavailability of transportation to the Essex plant. In their testimony at their respective hearings, the Appellants each asserted that the referral employment would necessitate traveling an additional seven (7) or eight (8) miles to work. Both Appellants were married women whose husbands worked in Fort Wayne, Indiana. Prior to their lay off, each had been taken to work by their husband, a distance of three (3) or four (4) miles.

Neither Appellant asserts any other basis for the refusal of the referral to Essex, and both have since returned to work at Memcor, Inc. in Huntington.

## III.

## STATEMENT OF THE ISSUES

The sole issue raised in the assignment of errors is that the decision of the Review Board is contrary to law. The specific allegations of error raised in the brief are:

ISSUE ONE: Did the Review Board err in holding that Tobin and Ake had violated the provisions of IC 1971, 22-4-15-2; Ind. Ann. Stat. § 52-1539(a) (Burns 1964) by failing to show "good cause"?

ISSUE TWO: Were Tobin and Ake denied administrative due process of law by the Employment Security Division Board regulation 1008 which denied submission of additional evidence for consideration by the Review Board on appeal except through application and proof of good cause?

ISSUE THREE: Was prejudicial error committed in the mistaken listing of Tobin and Ake's potential employer rather than their base period employer in the notice for the original hearing and throughout this action?

ISSUE FOUR: Did the Employment Security Division in its own right have standing to institute the proceedings to terminate the benefits of Tobin and Ake?

## IV.

## STATEMENT ON THE LAW

ISSUE ONE: "Good Cause"

Tobin and Ake rely upon *Hacker* v. *Review Board* (1971), 149 Ind. App. 223, 271 N.E.2d 191 and *Ball* v. *Review Board*

(1971), 149 Ind. App. 494, 273 N.E.2d 869, to support their "suitability argument" under IC 1971, 22-4-15-2; Ind. Ann. Stat. § 52-1539(a) (Burns 1964). *Hacker* v. *Review Board, supra,* has no application here. It is distinguishable on both the facts and the law. Hacker was denied benefits because she was only available for working during the night shift. IC 1971, 22-4-14-3; Ind. Ann. Stat. § 52-1538(b) (Burns 1964) was the statutory provision being considered by the Court in *Hacker* v. *Review Board, supra,* not IC 1971, 22-4-15-2, *supra. Ball* v. *Review Board, supra,* is distinguishable on the facts. We find no evidence of substantial "economic injury" or "other bona fide change of employment conditions." Ball had a part-time job with L. S. Ayres & Co. which made it a "base period employer." The acceptance of the job offered by L. S. Ayres & Co. would have reduced Ball's present unemployment income by 20%. The only evidence by Tobin and Ake on transportation or distance to the Essex International, Inc. employer was that it was seven (7) or eight (8) miles further than their former employment at Memcor, Inc. Both Tobin and Ake had previously been taken to Memcor, Inc. by their husbands, who worked in Fort Wayne, Indiana. This distance was three or four miles. There was no attempt to inquire at Essex, International Inc. as to any transportation arrangements that could be made with other employees, as to hourly wage or as to any other facets of the employee conditions.

In *Spears* v. *Review Board* (1973), 156 Ind. App. 455, 297 N.E.2d 439, 440, this Court in an opinion written by Judge Sharp stated that:

"Not every personal motivation may be considered to be objective good cause. In Walton v. Wilhelm, 120 Ind. App. 218, 224, 91 N.E.2d 373 (1950), the Appellate Court stated:

'We have repeatedly said that the [Employment Security Act] was not designed for the benefit of those who are voluntarily idle. It was intended to alleviate the dis-

tressing consequences of involuntary unemployment. It is for the relief of those unemployed through no "fault" of their own. While meritorious claims should not be denied, the humane purposes of the act should not be perverted by pretense.' "

In *Spears* v. *Review Board, supra,* both *Hacker* v. *Review Board* and *Ball* v. *Review Board, supra,* were distinguished. These cases have been misapplied in much the same way in the present case.

Tobin and Ake had the burden of proof in their administrative review. *Ely* v. *City of Montpelier* (1969), 146 Ind. App. 175, 253 N.E.2d 286. They have failed to present any evidence which would constitute "good cause" for refusing the employment offered at Essex International, Inc. We find no error as to ISSUE ONE.

ISSUE TWO: "Additional Evidence"

Both Tobin and Ake had received a notice that their eligibility to receive unemployment benefits would be in issue at a hearing before a referee. IC 1971, 22-4-17-6; Ind. Ann. Stat. § 52-1542 (e) (Burns 1964). The referee rendered a negative decision upon the testimony given at this hearing by Tobin and Ake. When they made their request for a review of the referee's negative decision by the Review Board, they were represented by legal counsel. Their request for review form 651 clearly states at the bottom:

"No additional evidence will be taken at a review board hearing except upon written application by either party, showing good cause for the taking of such evidence, a summary of the facts to be established by oral testimony or documentary evidence, good reason why such evidence was not introduced at the original referee hearing, and the names and addresses of witnesses who may testify. A copy of any document to be introduced as new evidence must accompany such application.

"Either party desiring to introduce additional evidence will use Form 666, Application for Leave to Introduce Additional Evidence to Review Board. If made by the

petitioner, such application must be filed with the Request for Appeal. If made by respondent, such application must be filed with the Review Board within seven (7) days from the date he is furnished a copy of the request for appeal. In either case, if such application to introduce additional evidence is approved, the opposing party will receive ten (10) days notice thereof."

Employment Security Board Regulation 1008 [See Indiana Administrative Rules and Regulations (52-1542e)-4 (Burns 1967)] provides:

"Each hearing before the review board shall be confined to the evidence submitted before the referee unless the same is an original hearing. Provided, however, the review board may hear or procure additional evidence upon its own motion, or upon written application of either party, and for good cause shown, together with a showing of good reason why such additional evidence was not procured and introduced at the hearing before the referee whose decision forms the basis of the appeal. . . ."

The Review Board is not governed by the same rules that govern appeals to this Court. *Ogilvie* v. *Review Board* (1962), 133 Ind. App. 664, 184 N.E.2d 817. The unreasonableness of this rule has not been demonstrated by Tobin and Ake. They have failed to follow the very clear and unequivocal language of the regulations which set forth the procedure for submitting additional evidence to the Review Board. They have waived this issue of error. Our examination of the record does not disclose any violation of the fundamental rights of administrative due process. *Goldberg* v. *Kelly* (1970), 397 U.S. 254, 90 S. Ct. 1011, 25 L.Ed.2d 287.

ISSUE THREE: "Notice to Wrong Employer"

Essex Internatonal, Inc. was listed as the base period employer in the notice to Tobin and Ake. This was incorrect. Memcor, Inc. was the base period employer for Tobin and Ake. Neither Essex International, Inc. nor Memcor, Inc. appeared at the eligibility hearing before the referee or Review Board.

Tobin and Ake contend that they were misled by this incorrect notice. They have the burden of establishing the existence of prejudicial error. *Ely* v. *City of Montpelier, supra.* No attempt has been made to show prejudicial error. See AP. Rule 8.3(A) (7). Even if an attempt had been made to show prejudicial error, error could not be based upon the injury of an incorrect notice to a third party, nor could that third party, if present, impede the proceedings which the Employment Security Division had a statutory duty to initiate. See IC 1971, 22-4-15-2, *supra.*

The rules governing appeals to this Court specifically provide that such a defect in form cannot serve as a ground for reversal. See AP. 15(D) of the Indiana Rules of Procedure. There is no reversible error as to ISSUE THREE.

ISSUE FOUR: "Standing"

The Employment Security Division had not only the statutory power but the statutory duty to determine the status of Tobin and Ake. IC 1971, 22-4-17-2; Ind. Ann. Stat. § 52-1542(a) (Burns 1964) provides:

". . . When an individual files an initial claim, the division shall promptly make a determination of his status as an insured worker, in a form prescribed by the board. A written notice of the determination of insured status shall be furnished him promptly. Each such determination shall be based on and include a written statement showing the amount of wages paid to him for insured work by each employer during his base period and shall include a finding as to whether such wages meet the requirements for him to be an insured worker, and if so, the week ending date of the first week of his benefit period, his weekly benefit amount, and the maximum amount of benefits that may be paid to him for weeks of employment in his benefit period."

IC 1971, 22-4-17-2; Ind. Ann. Stat. § 52-1542a(d) (Burns 1964) provides:

"(d) In addition to the foregoing determination of insured status by the division, the deputy shall, throughout the benefit period, determine the claimant's eligibility with respect to each week for which he claims waiting period credit or benefit rights, and the validity of his claim therefor, or may refer such claim to a referee who shall make the initial determination with respect thereto in accordance with the procedure in section 1803 [§ 52-1542] hereof."

Also see IC 1971, 22-4-15-2, *supra*, and IC 1971, 22-4-19-1; Ind. Ann. Stat. § 52-1544 (Burns 1964).

The Employment Security Division did have standing to initiate proceedings to determine Tobin and Ake's eligibility.

## V.

## DECISION OF THE COURT

ISSUE ONE: "Good Cause"

Tobin and Ake had the burden to present evidence at the referee's hearing and before the Review Board which would show "good cause." Distance from the proposed employment may well constitute good cause under certain fact situations. It does not here. The deficiencies in the evidence are too numerous to burden the reader and this opinion.

ISSUE TWO: "Additional Evidence"

Additional evidence can only be submitted to the Review Board when Employment Security Board Regulations are followed. Employment Security Board Regulation 1008 [See Burns Rules and Regulations (§ 52-1542e)-4] was not followed by Tobin and Ake.

ISSUE THREE: "Notice to Wrong Employer"

No prejudicial error was shown. Any prejudice which may have been suffered by a third party employer cannot be relied upon as reversible error on appeal.

ISSUE FOUR: "Standing"

The Employment Security Division has standing to initiate a hearing for the purpose of determining eligibility. It has a statutory duty to make such determinations throughout the benefit period.

The Decision of the Review Board should be and the same hereby is affirmed.

Hoffman, C.J. and Sharp, J., concur.

NOTE.—Reported at 301 N.E.2d 404.