ARLENE DAVIDSON *v*. REVIEW BOARD OF THE INDIANA EMPLOYMENT SECURITY DIVISION, WILLIAM H. SKINNER, JAMES M. ORGAN, AND NORMAN K. KASSENBROCK, AS MEMBERS OF AND CONSTITUTING THE REVIEW BOARD OF THE INDIANA EMPLOYMENT SECURITY DIVISION, AND SUPER VALU SUPERMARKET.

[No. 2-773A159. Filed May 28, 1974.]

*Patrick E. Chavis, Jr.,* of Indianapolis, for appellant.

*Theodore L. Sendak,* Attorney General, *Robert E. Dwyer,* Deputy Attorney General, for appellees.

PER CURIAM—Arlene Davidson was on vacation and refused to return to her job on December 31, 1972, as head cashier at Super Valu Supermarket. She told her employer that she was entitled to two weeks vacation instead of one. Her employer did not agree and discharged her. Her claim for unemployment compensation was denied by an Indiana Employment Security Division Referee. This hearing and decision on the merits was appealed to the Review Board. Twenty-one (21) days later, Arlene Davidson retained a second attorney, who requested several continuances which were granted. Fifty-one (51) days after filing her Form 651 for a review of the Referee's decision, Arlene Davidson filed her application for leave to introduce additional evidence to the Review Board. Employment Security Board Regulation 1008 requires that this application must be presented at the time the request for review is filed. The application was fifty-one (51) days late. This application was denied and the Review Board rendered the following decision:

> "The Board concludes that the evidence of probative value shows that claimant failed to make a definite establishment of her entitlement to or arrangement for a two weeks' vacation during the Christman (sic) holidays with the

employer; that she was at home on December 31, 1972, when the employer's representative told her that she must return to work on that date or be terminated and she refused to return so that settlement of the vacation matter could be made by other means. Accordingly, claimant was discharged for just cause on December 31, 1972, within the meaning of Chapter 15-1 of the Act.

"DECISION: The decision of the referee is hereby affirmed in Case No. 73-A-353 this 14th day of June, 1973. The penalty of Chapter 15 of the Act is imposed."

Arlene Davidson's appeal to this Court raises these issues:

ISSUE ONE:   Was Arlene Davidson denied administrative due process when the Review Board denied her application to introduce additional evidence?

ISSUE TWO:   Did the Review Board abuse its discretion when it denied Arlene Davidson's application to introduce additional evidence?

ISSUE ONE: *Due Process.*

Arlene Davidson filed her form 651 requesting a review of the Referee's denial of her claim on March 13, 1973. In large print at the bottom of the form, the following notice is set out:

"No additional evidence will be taken at a review board hearing except upon written application by either party, showing good cause for the taking of such evidence, a summary of the facts to be established by oral testimony or documentary evidence, good reason why such evidence was not introduced at the original referee hearing, and the names and addresses of witnesses who may testify. A copy of any document to be introduced as new evidence must accompany such application.

"Either party desiring to introduce additional evidence will use Form 666, Application for Leave to Introduce Additional Evidence to Review Board. If made by the petitioner, such application must be filed with the Request for Appeal. If made by respondent, such application must be filed with the Review Board within seven (7) days from the date he is furnished a copy of the request for appeal. In either case, if such application to introduce additional evidence is approved, the opposing party will receive ten (10) days notice thereof."

This notice is a restatement of Employment Security Board Regulation 1008, Indiana Administrative Rules and Regulations (52-1542e)-4 (Burns 1967), which states:

> *"Review board hearings.*—Unless otherwise directed by the review board, all hearings before the review board shall be conducted in the office of the review board in the city of Indianapolis, Indiana.
>
> "Each hearing before the review board shall be confined to the evidence submitted before the referee unless the same is an original hearing. Provided, however, the review board may hear or procure additional evidence upon its own motion, or upon written application of either party, and for good cause shown, together with a showing of good reason why such additional evidence was not procured and introduced at the hearing before the referee whose decision forms the basis of the appeal. . . . Such application, if made by the appellant, must be presented at the time the request for hearing is filed. . . ."

The Review Board has no discretion to disregard its own regulations. *Coleman* v. *City of Gary* (1942), 220 Ind. 446, 458, 44 N.E.2d 101, 107; *Burnett* v. *Review Board of Indiana Employment Sec. Div.* (1971), 149 Ind. App. 486, 273 N.E.2d 860; *Sperry Rubber and Plastics Company* v. *Review Board of Ind. Employment Sec. Div.* (1966), 139 Ind. App. 503, 216 N.E.2d 530. This Court in *Anderson* v. *Review Board of the Ind. Employment Sec. Div.* (1968), 142 Ind. App. 577, 579, 236 N.E.2d 178, 179, stated:

> ". . . Rules and regulations duly adopted by the Employment Security Board have the force and effect of law and failure to follow them makes the decision contrary to law. . . ."

See also, *Steel Transportation Co., Inc.* v. *Review Board of Ind. Employment Sec. Div.* (1962), 134 Ind. App. 95, 186 N.E.2d 174.

Appeals to the Review Board can not be considered piecemeal. Such a procedure would be intolerable. Each appeal submitted to the Review Board would be shrouded from an expeditious review and final determination. The time to begin a meaningful review would be

immerged in a sea of uncertainties, and the purpose of the Indiana Employment Security Act frustrated. Unemployment compensation claims require expeditious processing if they are to conform with the purpose of the Indiana Employment Security Act. Therefore, leave to introduce additional evidence before the Review Board must be filed on a Form 666 when Form 651 is filed as provided in Employment Security Board Regulation 1008.

This Court in *Tobin* v. *Review Board of Indiana Employment Sec. Div.* (1973), 157 Ind. App. 610, 301 N.E.2d 404 was confronted with a very similar factual posture. In *Tobin, supra,* 301 N.E.2d at 408, we stated:

> ". . . The Review Board is not governed by the same rules that govern appeals to this Court. Ogilvie v. Review Board (1962), 133 Ind. App. 664, 184 N.E.2d 817. The unreasonableness of this rule has not been demonstrated by Tobin and Ake. They have failed to follow the very clear and unequivocal language of the regulations which set forth the procedure for submitting additional evidence to the Review Board. They have waived this issue of error. Our examination of the record does not disclose any violation of the fundamental rights of administrative due process. *Goldberg* v. *Kelly* (1970), 397 U.S. 254, 90 S.Ct. 1011, 25 L.Ed.2d 287." Also see *Ladd* v. *Review Board of Indiana Employment Sec. Div.* (1971), 150 Ind. App. 632, 276 N.E.2d 871.

Arlene Davidson was not denied administrative due process. She failed to follow the clear and unequivocal directions of the regulation. We find no error.

ISSUE TWO: *Abuse of Discretion.*

Arlene Davidson's application to introduce additional evidence states that the proposed evidence ". . . was not presented to the Referee through no fault of the claimant." The proposed evidence would show that ". . . she was under the impression that she would have two weeks vacation during the owner's daughter's semester break from college; a two week interval during December and January." Our examination of the transcript discloses that the "impression" referred

to was presented to the Referee who questioned both the owner and the operating manager about the "impression" which both denied. The transcript further shows two pages of cross-examination by Arlene Davidson of the owner and another full page of cross-examination by Arlene Davidson of the operating manager about the "impression." This is in addition to the direct examination of the Referee regarding the "impression." The proposed additional evidence would have been cumulative at best.

We have already stated in our discussion of Issue One that the Review Board has no discretion to disregard its own regulations. *Coleman* v. *City of Gary, Burnett* v. *Review Board of Ind. Employment Sec. Div.* and *Sperry Rubber and Plastics Co.* v. *Review Board of Ind. Employment Sec. Div., supra.* Accordingly, we find no abuse of discretion by the denial of the untimely application in the present case.

The decision of the Review Board should be and the same hereby is affirmed.

NOTE.—Reported at 311 N.E.2d 472.