Richard P. BARNETT, Appellant,

v.

REVIEW BOARD OF the INDIANA EM-PLOYMENT SECURITY DIVISION, William H. Skinner, David L. Adams and Paul M. Hudson, as members of and as constituting the Review Board of the Indiana Employment Security Division, and Ivy Hill Packaging Co., Appellees.

No. 2-980A295.

Court of Appeals of Indiana,
Second District.

April 21, 1981.

Nancy E. Hale, Legal Services Organization of Indiana, Terre Haute, for appellant.

Theodore L. Sendak, Atty. Gen., George B. Huff, Jr., Deputy Atty. Gen., Indianapolis, for appellees.

SHIELDS, Judge.

Appellant, Richard Barnett, appeals the denial of his claim for unemployment compensation by the Review Board of the Indiana Employment Security Division (Board).

Barnett was fired from his job at Ivy Hill Packaging (Ivy Hill) on April 25, 1980. The Board denied Barnett's unemployment compensation claim on the basis Barnett had violated a known posted rule prohibiting dangerous weapons on the premises.

We reverse and remand.

Barnett raises six issues on appeal:

(1) Did the Board err by failing to make a finding as to whether the work rule which Barnett allegedly violated was "uniformly enforced" by Ivy Hill?

(2) Did the Board err by failing to make a finding as to whether Barnett "knowingly violated" the Ivy Hill work rule?

(3) Did the Board commit an abuse of discretion by concluding Barnett had brought a "dangerous weapon" to the plant?

(4) Did the Board err when it refused Barnett's request to submit additional evidence?

(5) Is the Board estopped from asserting the untimely filing of Barnett's request to submit additional evidence because Board employees represented to Barnett that he could file the request after he filed his request for appeal?

(6) Was Barnett denied procedural due process by Board regulations which require notice of hearing be mailed to claimant only five days before the hearing and which require a request for continuance be made three days before the hearing?

The Board's findings of fact read:

"Claimant was employed by this employer from November 22, 1976 through April 25, 1980, as a straight cutter. Claimant earned $7.38 per hour for a thirty-six hour work week. The evidence shows that there was a known posted company rule against bringing a dangerous weapon into the plant. Claimant was aware of this rule. On April 24, 1980, claimant was approached by his foreman, and a handgun was found in his coat pocket in the plant. The evidence differs as to whether or not the gun was loaded and as to whether or not the gun was operable. Employer's foreman testified he did not know if the gun was loaded and that he did not check the gun to see if it were operable. Claimant testified that the gun was not loaded and that it was not operable. Claimant is a member of the UPIU Union, Local 154, and is the current president. Claimant has filed a grievance with the union the results of which are still pending. Claimant was discharged by the employer later in the day of April 24, 1980, for violation of the posted company rule."

## ISSUE I

IC 22–4–15–1 (Burns Code Ed., Supp.1980) provides a claimant shall not be eligible for unemployment compensation if he is discharged for just cause. Discharge for just cause is defined to include separation initiated by the employer for "knowing violation of a reasonable and uniformly enforced rule of an employer."

Barnett was ostensibly fired for his violation of a rule which prohibited dangerous weapons in the plant. The Board, however, failed to make a finding that this rule was "uniformly enforced." The Indiana Court of Appeals has recently held:

"[W]hen an administrative board makes no finding as to some of the material issues, and when the claimant has properly preserved the error by designating the decision contrary to law, the reviewing court *no longer may affirm by merely determining whether there was some evidence to support an award.* Rather, the Supreme Court characterized such rubber stamp actions of an appellate level court as an invasion of the province of the full administrative board. In other words, the Court held that an appellate court should not undertake to find ultimate facts; the cause should be remanded to the board for findings."

*Wolfe v. Review Board of the Indiana Employment Security Division,* (1978) Ind.App., 375 N.E.2d 652 at 655. *See also, Kuntz v. Review Board of the Indiana Employment Security Division,* (1979) Ind.App., 389 N.E.2d 342.

The failure of the Board to make a specific finding on a material issue, therefore, requires that we remand the case for further findings.

## ISSUE II

Barnett also argues the Board failed to make a finding that he "knowingly" violated the rule. Barnett claimed at the hearing that he was unaware the gun was in his jacket pocket. Thus, although the Board did make a finding that Barnett knew of the rule, we hold the Board must also make a finding as to whether Barnett "knew" of his conduct which violated the rule. This result is mandated by the wording of the statute which requires a "knowing violation" of a rule rather than merely a violation of a known rule, and by the holdings in several Indiana cases which state that misconduct which will justify the discharge of an employee so as to make the employee ineligible for unemployment compensation is "wanton or willful disregard for the employer's interests, a *deliberate violation* of the employer's rules, or a wrongful intent." (emphasis added) *Merkle v. Review Board of the Indiana Employment Security Division,* (1950) 120 Ind.App. 108, 112, 90 N.E.2d 524; *See also, White v. Review Board of the Indiana Employment Security Division,* (1972) 151 Ind.App. 426, 280 N.E.2d 64.

## ISSUE III

Barnett next urges us to find error because the Board abused its discretion in interpreting the phrase "dangerous weapon" as it is used in the employer's rule. Barnett's argument misconceives the issue and consequently we find no abuse. The Board has no discretion in interpreting the phrase "dangerous weapon" as it is used in the rule. The Board's responsibility vis-a-vis the rule is to determine if it is reasonable and if it is uniformly enforced, neither of which are discretionary functions.[1]

## ISSUE IV

Barnett's fourth alleged error is that the Board erred in refusing to allow him to introduce additional evidence. Notice of the referee's decision was mailed to Barnett on June 18, 1980. Barnett filed his Request for Appeal on July 1, 1980 and his Application for Leave to Introduce Additional Evidence (Application) on July 3, 1980. Barnett's argument that his Application was timely filed because it was filed within fifteen (15) days after he was notified of the

---

1. Of course, the Board must also determine if the employee's conduct falls within the rule's prohibition and, if so, if the violation was knowing, also nondiscretionary functions.

decision of the referee is without merit. Contrary to Barnett's argument, the rules [2] which he cites are clear: they provide a claimant has fifteen (15) days after notification of the decision of the referee to appeal to the Board and that the Application must be filed with the request for appeal. Accordingly, the Application, as well as the appeal form, states the Application must be filed *with* the request for appeal. Barnett also contends the meaning of these rules is "questionable," but we find no ambiguity in the rules or in the notices printed on the Application and the appeal form.

In *Tobin v. Review Board of the Indiana Employment Security Division*, (1973) 157 Ind.App. 610, 301 N.E.2d 404, the claimant filed a request for review of the referee's decision denying unemployment compensation. The request for review form stated: "Either party desiring to introduce additional evidence will use Form 666 . . . . If made by petitioner, such application must be filed with the Request for Appeal." Claimant did not file Form 666. On appeal, the court held:

"[Claimant has] failed to follow the very clear and unequivocal language of the regulations which set forth the procedure for submitting additional evidence to the Review Board. They have waived this issue of error."

2.  640 I.A.C. 1–11–7:
    "Appeals to Review Board. Within fifteen (15) days after the date of notification or mailing of the decision of the referee, either party may appeal to the Review Board. Such appeal shall be filed at the claims-holding local office or Administrative Office, on Form 651, 'Request for Appeal to Review Board.' When accepted by the Board, or its authorized representative, the receipt of any document that indicates on its face a desire to appeal and contains the information requested by the above-mentioned Form 651 shall be treated as being in compliance with this regulation. The Review Board may grant or deny such a request for the hearing, and shall immediately notify all parties in writing. If such a hearing is granted, the Review Board shall immediately set a date for hearing not earlier than five (5) days from the date of the request for hearing."

*Tobin* at 617, 301 N.E.2d at 408. *See also, Davidson v. Review Board of Indiana Employment Security Division*, (1974) 160 Ind. App. 221, 311 N.E.2d 472.

As these cases show, strict enforcement of unambiguous administrative rules is appropriate. In this case, the Board was correct in finding Barnett's Application not timely because it was not filed at the same time as the request for appeal. Since the Application was not timely filed, the Board properly refused to allow Barnett to submit additional evidence.

### ISSUES V and VI

■ Barnett next argues the Board should be estopped from asserting the failure to file his Application with his request for appeal because an employee of the Employment Security Division told him the Application could be filed after the request for appeal. However, the record reveals that this contention, which of necessity involves a factual determination, is not before us. Barnett in his brief claims such a statement was made and that he relied on it. However, the record presented to us fails to preserve this issue for review. It does not contain any finding made by the Board on the contention nor any unsuccessful effort by Barnett to have the Board consider the issue. This court cannot make factual determinations. Of necessity, that responsibility is with the Board and its finding of fact is required because it is that finding which is subject to our review.

640 I.A.C. 1–11–8:
    "[T]he Review Board may hear or procure additional evidence upon its own motion, or upon written application of either party, and for good cause shown, together with a showing of good reason why such additional evidence was not procured and introduced at the hearing before the referee whose decision forms the basis of the appeal. An application for leave to introduce additional evidence made by either party shall set forth the names and residences of the witnesses whose testimony will be offered and the facts to which they are expected to testify. If the new evidence be documentary, then a copy of the document proposed to be introduced shall accompany the application. Such application, if made by the appellant, must be presented at the time the request for hearing is filed."

■ Barnett has also waived his issue VI. The record does not support his claimed unsuccessful efforts to continue the referee's hearing on any basis.

We acknowledge Barnett's petition filed with this court to amend the record of proceedings in respect to these two issues. However, his petition was denied November 5, 1980, no doubt for the reason the relief Barnett sought was not the inclusion of omitted material but rather the opportunity to include material never presented to the Board.

Because of the Board's inadequate findings, we reverse the Board's decision and remand this cause to the Board for such further proceedings as necessary to conform with this opinion. Thereafter, should any party desire to appeal, the appellate proceedings shall commence anew. We do not retain jurisdiction.

BUCHANAN, C. J., and SULLIVAN, J., concur.