Charlene MOORE, Plaintiff-Appellant,

v.

REVIEW BOARD OF INDIANA EMPLOYMENT SECURITY DIVISION and Indianapolis Public Transportation Corporation, Defendants-Appellees.

No. 2-982A295.

Court of Appeals of Indiana,
First District.

Feb. 8, 1983.

Charles Thomas Gleason, Gleason, Hay & Gleason, Indianapolis, for plaintiff-appellant.

Linley E. Pearson, Atty. Gen., Gordon R. Medlicott, Deputy Atty. Gen., Indianapolis, for defendants-appellees.

NEAL, Judge.

Appellant-claimant Charlene Moore (Moore) appeals the denial of her claim for unemployment compensation by the Review Board of the Indiana Employment Security Division (Board). The Board found that Moore had violated a reasonable and uniformly enforced rule of her employer.

We reverse.

## STATEMENT OF THE FACTS

On March 25, 1982, Moore was discharged from her job as a bus driver for the Indianapolis Public Transportation Corporation (Metro) where she had been employed since November 11, 1975. The sole reason assigned for her discharge was the violation of a rule of the company contained in a union contract. The rule required employees absent for any reason to contact their foreman every seven days while off duty. The relevant portion of the appeals referee's findings, which were adopted by the Board, are as follows:

"The claimant was placed on the sick list by the employer on February 3, 1982, and subsequently was required to call in and advise the employer of her work status every seven days. The claimant met this requirement until March 18, 1982. The claimant last contacted the employer on March 17, 1982, and did not again contact this employer until March 25, 1982. The reason for the claimant's absence from work was because of surgery, and in connection with that surgery, the claimant had been prescribed Tylenol # 3 as a pain killing medication. The claimant had taken the recommended dosage of this medication throughout the period of her absence, and had been physically able throughout that period to contact the employer pursuant to the requirements of Section 29. After contacting the employ-er on March 17, 1982, it is found that the claimant forgot to contact the employer within the seven day period. It is further found that although the claimant may have had some effect from her medication, that the effect in the past had not made her physically unable to contact the employer and that she was not physically incapable of contacting the employer from March 18, 1982 through March 24, 1982."

The referee concluded, "the claimant violated a reasonable and uniformly enforced rule of the employer, and therefore gave the employer just cause to discharge her from her employment."

## ISSUE

Moore raises three issues, but because of our decision, which we perceive goes to the heart of the question, we will address only issue III which is as follows:

III. Whether the Review Board erred in its conclusion that Moore's failure to call every seven days constituted just cause for discharge.

## DISCUSSION AND DECISION

Moore in her brief argues only evidence. However, we choose to base our decision on other grounds. The section of the statute that controls this case is Ind.Code 22-4-15-1(e) as follows:

" 'Discharge for just cause' as used in this section is defined to include but not be limited to:

(1) separation initiated by an employer for falsification of an employment application to obtain employment through subterfuge;

(2) knowing violation of a reasonable and uniformly enforced rule of an employer;

(3) unsatisfactory attendance, if the individual cannot show good cause for absences or tardiness;

(4) damaging the employer's property through wilful negligence;

(5) refusing to obey instructions;

"(6) reporting to work under the influence of alcohol or drugs or consuming alcohol or drugs on employer's premises during working hours;

(7) conduct endangering safety of self or coworkers; or

(8) incarceration in jail following conviction of a misdemeanor or felony by a court of competent jurisdiction or for any breach of duty in connection with work which is reasonably owed an employer by an employee."

As relevant here, subsection (e)(2), "knowing violation of a reasonable and uniformly enforced rule of an employer," was last interpreted in *Barnett v. Review Board of the Indiana Employment Security Division,* (1981) Ind.App., 419 N.E.2d 249. There the claimant was discharged for having a pistol in his coat pocket at work in violation of a known posted rule prohibiting dangerous weapons on the premises. He contended he did not know the pistol was there. Judge Shields said:

"Barnett also argues the Board failed to make a finding that he 'knowingly' violated the rule. Barnett claimed at the hearing that he was unaware the gun was in his jacket pocket. Thus, although the Board did make a finding that Barnett knew of the rule, we hold the Board must also make a finding as to whether Barnett 'knew' of his conduct which violated the rule. This result is mandated by the wording of the statute which requires a 'knowing violation' of a rule rather than merely a violation of a known rule, and by the holdings in several Indiana cases which state that misconduct which will justify the discharge of an employee so as to make the employee ineligible for unemployment compensation is 'wanton or willful disregard for the employer's interests, a *deliberate violation* of the employer's rules, or a wrongful intent.' (emphasis added) *Merkle v. Review Board of the Indiana Employment Security Division,* (1950) 120 Ind. App. 108, 112, 90 N.E.2d 524; *See also, White v. Review Board of the Indiana Employment Security Division,* (1972) 151 Ind.App. 426, 280 N.E.2d 64."

*Id.* at 251. Such a result is compelled by the wording of subsection (e). Each of the eight "causes" in this subsection indicates a requirement of deliberate conduct. Here the Board found that "... claimant forgot to contact the employer within the seven day period." Such inadvertence is not deliberate conduct. *Barnett* is controlling. The Board erred in concluding that the discharge was for just cause for knowingly violating the rule.

For these reasons this cause is reversed, and the Review Board is ordered to enter an order awarding Moore benefits.

Reversed.

ROBERTSON, P.J., and RATLIFF, J., concur.