Deana S. RENNER, Appellant–Claimant,

v.

ORION ELECTRIC (AMERICA), INC., Appellee–Employer.

No. 93A02–9311–EX–607.

Court of Appeals of Indiana, Fifth District.

Aug. 8, 1994.

Rehearing Denied Oct. 20, 1994.

Transfer Denied Jan. 4, 1995.

R. Scott Partenheimer, Hall, Partenheimer & Kinkle, Princeton, for appellant.

William Michael Schiff, Mary Lee Franke, Kahn Dees Donovan & Kahn, Evansville, for appellee.

BARTEAU, Judge.

Deana Renner appeals the decision of the Review Board of the Indiana Department of Employment and Training Services ("Review Board") denying her unemployment benefits. She raises the sole issue whether the evidence supports the Review Board's finding that she was discharged for just cause. Additionally, Renner filed a motion to supplement the record with an omitted assignment of errors. Thus, we initially address the issue whether Renner made a timely request to supplement the record with the omitted assignment of errors.

### ASSIGNMENT OF ERRORS

Pursuant to Ind.Appellate Rule 7.2(A)(1), the record of proceedings filed with this court must include "an assignment of errors for reviews from administrative decisions taken directly to the Court of Appeals under Appellate Rule 4(C)." Indiana Code 22–4–17–12(f) provides that when appealing a decision of the Review Board, the appellant "shall attach to the transcript an assignment of errors." The timely filing with this court of an assignment of errors for appeals from the Review Board is a jurisdictional act. *Claywell v. Review Bd. of the Indiana Dep't*

*of Employment & Training Services* (1994), Ind.App., 635 N.E.2d 181; *St. Amand–Zion v. Review Bd. of the Indiana Dep't of Employment & Training Services* (1994), Ind. App., 635 N.E.2d 184; *contra Hogan v. Review Bd. of the Indiana Dep't of Employment & Training Services* (1994), Ind.App., 635 N.E.2d 172. However,

'[a]lthough the assignment of errors is considered a part of the record of proceedings, it does not have to be filed with the record; it may be filed separately, as long as it is filed within the time permitted by the appellate rules. Also, *an extension of time to file the record of proceedings necessarily includes an extension of time to file an assignment of errors.*'

*Claywell,* 635 N.E.2d at 182–83 (quoting *South Madison Commun. School Corp. v. Review Bd. of the Indiana Dep't of Employment & Training Services* (1993), Ind.App., 622 N.E.2d 1042, 1043) (our emphasis).

Here, Renner did not file the assignment of errors with the record of proceedings. However, she did receive an extension of time to file the record to and including December 19, 1993. She filed the record on December 3, 1993, and on December 10, 1993, she filed a motion to supplement the record with the assignment of errors. The assignment of errors was attached to the motion. Thus, Renner filed her assignment of errors within the time allowed to file the record of proceedings. Therefore, we grant Renner's motion to supplement the record and find that we have jurisdiction to hear this appeal.

### FACTS

■ Renner was employed by Orion Electric (America), Inc. as a production worker. Her last working day was December 4, 1992, and she went on medical leave on December 7, 1992. She returned to work on December 21, 1992, having been released by her physician with some restrictions. Orion was not able to find a position for Renner that met the restrictions, so she was sent home to remain on medical leave until her physician released her unconditionally. On January 4, 1993, Renner called Orion to report that she was not released to work and would either call back or report for work on January 11. On January 11, Renner called Orion to report that she was not released to work and would call back or report to work on January 18. On January 18, Renner called Orion to report that she was not released to work and would call back or report to work on January 25. Renner did not call in or report to work on January 25, 26 or 27.

Orion terminated Renner's employment on January 27, 1993, for violating the following written rule:

Employees must notify Orion each day, prior to beginning of their shift when absent. An employee absent three (3) scheduled workdays without notifying Orion will be terminated[.]

The rule was uniformly enforced and Renner was aware of the rule. Renner did not call Orion on January 25, 26 or 27 because she did not have a telephone and she was too ill to leave her home as a result of a collapsed lung. She did acknowledge that her husband could have called in for her. Renner had not been released to work without restrictions on January 25, 26 and 27.

The Administrative Law Judge (ALJ) concluded that Orion terminated Renner without just cause, finding that she was on medical leave of absence on January 25, 26 and 27, and therefore did not violate Orion's rule. The Review Board reversed the decision of the ALJ, finding that Renner was not on medical leave of absence the days she neglected to call in and that she knowingly violated Orion's rule.

### STANDARD OF REVIEW

On appeal, the Review Board's findings of fact are presumed conclusive and binding and we may reverse them only if we believe that reasonable persons would be bound to reach different conclusions. *Russell v. Review Bd. of the Indiana Dep't of Employment & Training Services* (1992), Ind.App.,

586 N.E.2d 942, 946. We cannot reweigh the evidence and we must view the record in a light most favorable to the Review Board's decision. *Id.* Whether the employer had just cause to discharge an employee for purposes of determining the employee's eligibility for unemployment compensation benefits is a question of fact for the Review Board to determine in each case on its particular facts. *Id.*

## DISCHARGE FOR JUST CAUSE

A claimant is not entitled to unemployment compensation if the claimant was discharged for "just cause." Indiana Code 22–4–15–1. Just cause includes the "knowing violation of a reasonable and uniformly enforced rule of an employer[.]" I.C. 22–4–15–1(d)(2). We need not discuss whether Renner violated Orion's three-day rule because even if she did, the evidence does not support the finding that she *knowingly* violated the rule. Renner relies on *Moore v. Review Bd. of the Indiana Employment Security Division* (1983), Ind.App., 444 N.E.2d 910, as support for her contention that she did not knowingly violate the rule. In *Moore,* a denial of benefits for violation of a rule requiring the employee to call in every seven days while off duty was reversed. The employee was on sick leave and called in every seven days for over a month. The employee then went eight days before calling in again. The Review Board found that the claimant merely forgot to call in before the seventh day, but nevertheless denied benefits. This court reversed, concluding that forgetting to call was not the deliberate conduct required for a knowing violation of the rule. "[T]hat misconduct which will justify the discharge of an employee so as to make the employee ineligible for unemployment compensation is 'wanton or willful disregard for the employer's interests, a deliberate violation of the employer's rules, or a wrongful intent.' *Merkle v. Review Bd. of the Indiana Employment Security Division,* (1950) 120 Ind.App. 108, 112, 90 N.E.2d 524 . . . ." *Moore,* 444 N.E.2d at 912 (emphasis omitted) (quoting *Barnett v. Review Bd. of the Indiana Employment Se-*

*curity Division* (1981), Ind.App., 419 N.E.2d 249, 251).

*Moore* is controlling here. The only evidence before the Review Board is that Renner failed to call in because she did not have a phone and was too ill with a collapsed lung to leave the house. Thus, she was incapable of calling Orion. There is no evidence that she wantonly, willfully, or deliberately disregarded Orion's interests. It is of no moment that she admitted that her husband could have called for her. The rule required the *employee* to call in. Further, there is no evidence that in her illness, Renner even thought to have her husband call in for her, let alone *deliberately* chose not to have him call. It is also of no moment that Renner did not call in at a later time to explain that she was still on leave and had not been able to call in. By the time she was able to, Orion had already terminated her.

The evidence does not support the Review Board's decision that Renner knowingly violated the rule. Thus, we reverse the decision of the Review Board denying unemployment benefits to Renner.

REVERSED.

SHARPNACK, C.J., concurs.

SULLIVAN, J., concurs with opinion.

SULLIVAN, Judge, concurring.

While I fully concur in the resolution of the merits of this appeal, I write separately to state my disagreement as to the necessity for an assignment of errors. My view in this regard is as stated in *Hogan v. Review Board of the Indiana Department of Employment & Training Services* (1994) Ind. App., 635 N.E.2d 172.

The majority has permitted a belated assignment of errors to be filed. This course seems to undercut the position set forth in *Claywell* and *St. Amand–Zion.* Those cases hold that an assignment of errors is truly jurisdictional, and that without a timely filed assignment of errors, we do not have jurisdiction to review the merits.

The quotation from *Claywell*, set forth in the majority opinion here, clearly contemplates an extension of time to file an assignment of errors. Such extension presupposes, however, that such assignment was in existence when the appeal was perfected in this court. If, on the other hand, the majority is permitting the filing of an assignment of errors totally separate from the record in existence before the appeal, it dilutes the jurisdictional attributes of the assignment.

To be sure, I.C. 22–4–17–12(f), the statute deemed controlling by the majority, specifies that the assignment of errors must be attached by the appellant to the transcript of the proceedings which took place before the administrative law judge and the Review Board. Thus, it would appear that the assignment of errors is to be prepared and included after all proceedings have been completed at the administrative level. This very fact demonstrates the totally superfluous nature of the assignment of errors.

To the extent that the assignment of errors contemplated by I.C. 22–4–17–12 is analogous to the old motion to correct errors in judicial proceedings, it's primary purpose is to assert error and gain correction thereof before embarking upon the lengthy and expensive appellate process. *Lugar v. State ex rel. Lee* (1978) 270 Ind. 45, 383 N.E.2d 287. Corollary purposes of the motion to correct errors were to develop the points which would be presented upon appeal in the event that the trial court denies relief and to permit the opposing party an opportunity to respond in the trial court. *Id.* Only tangentially was the motion to correct errors or the assignment of errors considered to be a part of the appellate process itself. This is so even though such documents were mistakenly deemed by some case decisions to be jurisdictional and a condition precedent to appellate review. *See Hogan v. Review Board, supra,* 635 N.E.2d at 176, 177, nn. 11 & 13.

Unlike an assignment of errors in judicial proceedings, the assignment of errors in administrative proceedings does not allow the administrative agency to correct its own mistakes. Accordingly, an assignment of errors in administrative proceedings serves no valid purpose. As stated in *Means v. Seif Material Handling Co.* (1973) 2d Dist., 157 Ind.App. 492, 494, 300 N.E.2d 895, 896, "[It] is as helpful as a blank piece of paper...."

Be that as it may, the majority has permitted the record to be supplemented by adding a "pleading" which was not in existence when the record was filed in this court. In doing so, it has belatedly and after-the-fact permitted the appellant to create review jurisdiction on the part of this court. As noted in *Hogan, supra,* that jurisdiction exists with or without an assignment of errors. If such assignment is an essential ingredient to the comfort level of the majority, so be it. Its inclusion adds nothing and detracts nothing from our ability to review the case.

In any event, I am pleased that the majority has reached the merits of the appeal, and I fully concur with its opinion upon the merits.