**Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.**

APPELLANT PRO SE:

**RISHA WARREN**
Paoli, Indiana

ATTORNEYS FOR APPELLEE
REVIEW BOARD:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**KYLE HUNTER**
Deputy Attorney General
Indianapolis, Indiana

ATTORNEYS FOR APPELLEE SPRINGS
VALLEY COMMUNITY SCHOOL CORP.:

**JAMES C. TUCKER**
**MARILYN TUCKER FULLEN**
Tucker and Tucker, P.C.
Paoli, Indiana



FILED

CLERK
of the supreme court,
court of appeals and
tax court

# IN THE
# COURT OF APPEALS OF INDIANA

RISHA WARREN,                                )
                                             )
    Appellant-Petitioner,           )
                                             )
        vs.                      )    No. 93A02-1311-EX-949
                                             )
REVIEW BOARD OF THE INDIANA                  )
DEPARTMENT OF WORKFORCE                      )
DEVELOPMENT and SPRINGS VALLEY               )
COMMUNITY SCHOOL CORP.,                      )
                                             )
    Appellees-Respondents.          )

APPEAL FROM THE REVIEW BOARD
OF THE DEPARTMENT OF WORKFORCE DEVELOPMENT
Case No. 13-R-03427

**April 9, 2014**

**MEMORANDUM DECISION - NOT FOR PUBLICATION**

**CRONE, Judge**

## Case Summary

Risha Warren was a teacher for Springs Valley Community School Corporation ("the School"). Warren told a student and other school employees that she was going to kill the student. Although no one believed that Warren was actually going to kill the student, the School discharged her for violating its rule prohibiting threats.

Warren filed a claim for unemployment benefits. The Review Board of the Indiana Department of Workforce Development ("the Review Board") determined that the School discharged her for just cause and therefore she is ineligible for unemployment benefits. Warren appeals, arguing that the Review Board's determination is contrary to law because it found that her threat was not serious. Finding no error in the Review Board's determination, we affirm.

**Facts and Procedural History**[1]

The School employed Warren as a teacher from August 2008 until December 2012. School rule 300.75 provided that immediate suspension or dismissal could be imposed if an employee engaged in certain conduct including "[t]hreats and/or acts of violence, fighting or attempting bodily injury to another while on school property or school sponsored functions." Appellant's App. at 11. The rule applied to all employees and was adopted to insure a civil environment.

In November 2012, Warren administered a test to her students. One student simply drew a line through the answers without attempting to answer the questions. Warren discovered the student's lack of effort and became upset. Warren and the student left the classroom to go to the office. Heather Tucker, a teacher, heard the student ask Warren what she was going to do with her, and Warren replied, "I am going to kill you." *Id*. at 4. Tucker

---

[1] Our statement of facts presents the findings of the Review Board because Warren fails to provide citations to the record for any of her statements of fact in contravention of the Indiana Appellate Rules. *See* Ind. Appellate Rule 22(C) ("Any factual statement shall be supported by a citation to the page where it appears in an Appendix, and if not contained in an Appendix, to the page it appears in the Transcript or exhibits, e.g., Appellant's App. p. 5; Tr. p. 231–32."); Ind. Appellate Rule 46(A)(6) ("Statement of Facts. This statement shall describe the facts relevant to the issues presented for review but need not repeat what is in the statement of the case. (a) The facts shall be supported by page references to the Record on Appeal or Appendix in accordance with Rule 22(C)."). The School moved to dismiss her brief for noncompliance with the Indiana Appellate Rules. Although the lack of citations to the evidence in the record has hampered our review, our preference is to address the issues on the merits where possible, and therefore by separate order, we deny the School's motion. Nevertheless, "[t]his Court will not conduct a search of the record to discover grounds for reversal." *City of Hobart v. Carter*, 695 N.E.2d 988, 991 (Ind. Ct. App. 1998), *trans. denied*.

We observe that the School did not cite to the transcript to support their statement of facts. The School cited to the administrative law judge's findings of fact in the appellant's appendix. We remind the School of its responsibility to abide by the appellate rules regardless of another party's noncompliance.

could not see Warren, but she knew her well enough to recognize her voice. Tucker thought that Warren was frustrated and did not think that she presented a danger to the student. Tucker went to the office and told the secretaries to send someone down to Warren's classroom because she was having a bad day.

Shortly thereafter, Warren and the student entered the office. Warren was crying. She told the secretaries that they needed to find an administrator immediately and if they did not find anyone, she was going to kill the student. As she said this, she pounded her hand on the counter. Warren then stated that she needed to take half a personal day because she was getting sick from a gallbladder problem and the stress of the situation. The assistant principal took over Warren's class, and she went home.

The School conducted an investigation and concluded that Warren had said that she was going to kill the student on three separate occasions. Although School officials did not believe that Warren was actually going to kill the student, they regarded her statement as a threat in violation of rule 300.75 and discharged her.

Warren filed a claim for unemployment benefits. A claims deputy found that she was discharged for just cause and denied her claim. Warren appealed. An administrative law judge ("ALJ") conducted an inperson hearing and affirmed the denial. Warren appealed to the Review Board, which affirmed the ALJ's denial of unemployment benefits and adopted and incorporated by reference its findings of fact and conclusions of law. In relevant part, the Review Board found that

> the [School] discharged [Warren] for just cause …. The evidence establishes
> that in a moment of frustration and emotional turmoil, [Warren] stated that if

4

they did not do something about a student she was going to kill her. While it was not a serious threat, it was a threat and the [School's] rule prohibits any threat. As a result, it was a violation of the [School's] rule. That rule was reasonable and uniformly enforced, and [Warren] had constructive knowledge that the rule existed so [she] knowingly violated the rule and was discharged for just cause within the meaning of Indiana Code 22-4-15-1.

*Id*. at 5. Warren appeals.

**Discussion and Decision**

The Indiana Unemployment Compensation Act ("the Act") provides that any decision of the Review Board shall be conclusive and binding as to all questions of fact. Ind. Code § 22-4-17-12(a). When the Review Board's decision is challenged as being contrary to law, our review is limited to a two-part inquiry into: "(1) 'the sufficiency of the facts found to sustain the decision;' and (2) 'the sufficiency of the evidence to sustain the findings of facts.'" *McClain v. Review Bd. of Ind. Dep't of Workforce Dev.*, 693 N.E.2d 1314, 1317 (Ind. 1998) (quoting Ind. Code § 22-4-17-12(f)). Applying this standard, we review "(1) determinations of specific or 'basic' underlying facts, (2) conclusions or inferences from those facts, sometimes called 'ultimate facts,' and (3) conclusions of law." *Id*. The Review Board's findings of basic fact are subject to a "substantial evidence" standard of review. *Id*. In conducting our analysis, we neither reweigh evidence nor judge witness credibility; rather, we consider only the evidence most favorable to the Review Board's findings. *Id*. The Review Board's conclusions regarding ultimate facts involve an inference or deduction based on the findings of basic fact, and we typically review them to ensure that the Review Board's inference is "reasonable" or "reasonable in light of its findings." *Id*. at 1317-18 (citation and

5

quotation marks omitted).  We review the Review Board's conclusions of law using a de novo standard.  *Ind. State Univ. v. LaFief*, 888 N.E.2d 184, 186 (Ind. 2008).

The purpose of the Act is to provide unemployment benefits to individuals who are "unemployed through no fault of their own."  Ind. Code § 22-4-1-1.  A person who is discharged for just cause is ineligible for unemployment benefits.  Ind. Code § 22-4-15-1(a). The employer bears the initial burden of establishing that an employee was discharged for just cause.  *Owen Cnty. ex rel. Owen Cnty. Bd. of Comm'rs v. Ind. Dep't of Workforce Dev.*, 861 N.E.2d 1282, 1292 (Ind. Ct. App. 2007).

Discharge for just cause includes a "knowing violation of a reasonable and uniformly enforced rule of an employer, including a rule regarding attendance."  Ind. Code § 22-4-15-1(d)(2).  To establish a prima facie case for just cause discharge for a violation of an employer rule, the employer must show that the claimant: "(1) knowingly violated; (2) a reasonable; and (3) uniformly enforced rule."  *Coleman v. Review Bd. of Ind. Dep't of Workforce Dev.*, 905 N.E.2d 1015, 1020 (Ind. Ct. App. 2009).  Proving that the employee violated a known rule is insufficient; the employer must establish that the employee knowingly violated the rule.  *Id*.  The rule must be reasonable and uniformly enforced to insure that employees have notice regarding the consequences they can reasonably anticipate if they violate the rule and to protect employees from arbitrary enforcement.  *Id*.  If an employer establishes a prima facie case, the burden shifts to the claimant to rebut it.  *Id*.

Initially, we note that Warren improperly includes argument in her statement of the facts, arguing that some of the testimony supporting the Review Board's findings is hearsay

6

and that the School violated certain statutes. Later in her brief she baldly asserts that the School failed to prove that she made a threat while on school property. These arguments are waived for failing to present cogent argument with citation to authority and the record. *See* Ind. Appellate Rule 46(A)(8) ("The argument must contain the contentions of the appellant on the issues presented supported by cogent reasoning. Each contention must be supported by citations to the authorities, statutes, and the Appendix or parts of the Record on Appeal relied on."); *Lyles v. State*, 834 N.E.2d 1035, 1050 (Ind. Ct. App. 2005), *trans. denied*.

Warren argues that the Review Board erred in concluding that rule 300.75 proscribes "any threats" rather than "threats of violence. Appellant's Br. at 11. We observe that the Review Board has no role in interpreting an employer's rule. *Barnett v. Review Bd. of Ind. Emp't Sec. Div.*, 419 N.E.2d 249, 251 (Ind. Ct. App. 1981). The Review Board's task is to determine whether the rule is reasonable and uniformly enforced. *Id.* Furthermore, the distinction that Warren raises is irrelevant because killing is an act of violence. We find no error here.

Warren also contends that the Review Board's conclusion that the School discharged her for just cause is unreasonable in light of its finding that her threat was not serious. Warren argues that by definition a threat is "'a statement of an intention to inflict pain, injury, damage, or other hostile action on someone in retribution for something done or not done.'" Appellant's Br. at 14 (quoting Oxford Dictionary (1996)). She argues that because her statement was not serious, her intentions were not harmful, and therefore her statement was not a threat within the scope of rule 300.75. We cannot agree. The School's rule prohibits

7

"[t]hreats and/or acts of violence, fighting or attempting bodily injury to another while on school property or school sponsored functions." Appellant's App. at 11. Warren told a student that she was going to kill her and told other employees that she was going to kill the student. Whether anyone believed that she was actually going to kill the student is irrelevant. Her statement "I am going to kill you" is a statement of intent to harm. It cannot be interpreted as anything other than a threat. We conclude that the Review Board's finding that her threat was not serious does not render its conclusion that she violated the School's rule prohibiting threats unreasonable. We therefore affirm the Review Board's determination that Warren was discharged for just cause and therefore is ineligible for unemployment benefits.

Affirmed.

BAKER, J., and BARNES, J., concur.