Jeffrey A. MARKERT, Relator,

v.

NATIONAL CAR RENTAL, Respondent,

and

Commissioner of Economic Security, Respondent.

No. C0–84–184.

Court of Appeals of Minnesota.

June 19, 1984.

John F. Markert, St. Paul, for relator.

National Car Rental, pro se.

Hubert H. Humphrey, III, Atty. Gen., Laura E. Mattson, Sp. Asst. Atty. Gen., St. Paul, for respondent.

Heard, considered and decided by POPO-VICH, C.J., and FORSBERG and RAN-DALL, JJ.

## OPINION

FORSBERG, Judge

Relator Jeffrey Markert appeals on a writ of certiorari from a decision of the Commissioner of Economic Security. The Commissioner ruled that relator voluntarily discontinued his employment without good cause attributable to his employer and was, therefore, disqualified from receiving un-employment compensation benefits pursu-ant to Minn.Stat. § 268.09, subd. 1(1) (Supp. 1983).

We affirm.

## FACTS

Relator was employed by respondent Na-tional Car Rental as a senior computer operator. At the outset of his employment, computer operators were scheduled for a three-day work week. On each day, they worked a 12-hour shift either from 11:00 A.M. to 11:00 P.M. or from 11:00 P.M. to 11:00 A.M. In the summer of 1983, a new-ly-hired machine room supervisor revised the work schedule so that the 12-hour work shift started at either 9:00 A.M. or 9:00 P.M.

Relator worked the day shift for approximately one month. In the second week of July, 1983, he was scheduled to work the night shift. During a physical exam, relator reported to his physician that he had difficulty sleeping when working the night shift and that the lack of sleep adversely affected his work performance and social life. The physician noted, "I do not feel, however, that the hours constitute a health hazard per se."

Relator told his supervisor that he was unable to continue the night shift and that he would be forced to tender his resignation. He submitted a written resignation which stated:

> In reference to our discussion on Wednesday, July 27; Unless working conditions change within the next two weeks, I have no other alternative except to make this my official two week notice of my resignation with National Car. If a workable solution can be reached on or before my last working day that is acceptable to myself and the company, then this notice shall be disregarded.

In a letter dated August 2, 1983, the supervisor accepted relator's resignation, effective August 10.

Relator filed a claim for unemployment compensation benefits, and a claims deputy determined that relator voluntarily discontinued his employment without good cause attributable to his employer. A department referee affirmed the determination of the claims deputy and a representative of the Commissioner affirmed the referee's decision.

## ISSUE

Whether the record supports the decision of the Commissioner of Economic Security that relator voluntarily discontinued his employment without good cause attributable to the employer and was properly disqualified from receiving unemployment compensation benefits pursuant to Minn. Stat. § 268.09, subd. 1(1) (Supp.1983).

## ANALYSIS

The question of whether an employee has been voluntarily or involuntarily terminated is a question of fact. The findings of the Commissioner are reviewed in the light most favorable to the decision, and will not be disturbed if there is evidence reasonably tending to support them. *Group Health Plan, Inc. v. Lopez,* 341 N.W.2d 294 (Minn.App.1983).

Relator submitted a resignation because he was dissatisfied with his work shift assignment. The resignation was specifically conditioned on no alternative solution being reached between the employer and relator. The resignation was accepted five days later because a compromise could not be reached. There is no support in the record for relator's allegation that he was discharged by National on July 29, 1983. The record does support the decision of the Commissioner that relator voluntarily submitted his resignation letter. This finding is, therefore, adopted by this court.

Relator's claim that he voluntarily quit with *good cause* attributable to the employer is also unsubstantiated by the evidence. The work shift change was not a health hazard, relator's only grounds for objection to the change, but was merely inconvenient to relator.

## DECISION

The Commissioner's decision disqualifying relator from unemployment benefits is affirmed.