470 So.2d 399 (1985)
Linda Norris BROUSSARD, Plaintiff-Appellee,
v.
Wayne Joseph NORRIS, Defendant-Appellant.
No. 84-466.
Court of Appeal of Louisiana, Third Circuit.
May 15, 1985.
A.C. Elias, New Iberia, for defendant-appellant.
Louis M. Corne, Lafayette, for plaintiff-appellee.
Before STOKER, LABORDE and KING, JJ.
STOKER, Judge.
This is an appeal by the father of a minor child concerning child support.
The parties were divorced in 1981 by decree of a Texas court. In its decree the Texas court awarded custody of the parties' minor child to the mother and ordered that the father pay child support in the amount of $300 per month.
The decree ordered the father, Wayne Norris, to provide and maintain major medical insurance for the child until she reaches the age of eighteen, and provided that each party pay one-half of all reasonable necessary medical expenses not covered by such major medical insurance. This Texas judgment was recognized in a judgment of the Fifteenth Judicial District Court of the State of Louisiana.
The child's mother, Linda Norris Broussard, filed a rule to make executory past due child support payments and payments for medical expenses. The father answered with a rule to reduce child support. The mother then filed a rule to increase child support.
The trial court granted judgment in favor of the mother making child support in arrears executory in the amount of $4,150, making executory hospital and medical expenses in arrears in the amount of $16,192.66, making executory dental expenses in the amount of $1,507.16, and increasing child support to $350 per month. The judgment held the father in contempt of court for failure to pay child support and ordered him to serve thirty days in the parish jail. The sentence was suspended on condition *400 that he pay $100 per month on the arrearage in child support.
The father appeals arguing that the trial judge erred in his finding that he owed $16,192.66 for medical and hospital expenses, and that the trial judge erred in finding the child's mother was entitled to an increase in child support from $300 to $350 per month. These are the only two rulings of the trial court judgment which were brought up to us in this appeal.
After the case was briefed and submitted and while the case was under advisement, the Court of Appeal was served by mail with the following notice by Dean M. Wattigny, an attorney of Lafayette, Louisiana:
 "IN THE UNITED STATES BANKRUPTCY COURT
 FOR THE WESTERN DISTRICT OF LOUISIANA
 _______________DIVISION
"IN RE: WAYNE JOSEPH NORRIS
 CASE NUMBER 484-00686-LO 
_________________________________
 DEBTOR(S)
 "NOTICE OF AUTOMATIC STAY
 "NOTICE IS HEREBY GIVEN that upon the filing of the captioned
proceedings, automatic stay orders went into effect as against all persons
under Section 362 of the Bankruptcy Code.
 "If you are prosecuting any Court proceedings, or taking any
action whatever, against the captioned debtor(s), you may be in contempt
of Court for violation of the automatic stay orders.
"DATED: April 8, 1985
 
"TO: Put names and addresses
 of creditors sent to here.
Linda Norris Broussard
through Louis Corne, Attorney
P.O. Box 5146
Lafayette, LA XXXXX-XXXX
Third Circuit Court of Appeals
Courthouse
Lake Charles, LA 70602"
*401 We make no attempt to assess the effect of this notice, but we do take notice from the receipt of the communication, together with a cover letter from Mr. Wattigny, that the defendant-appellant in this case is seeking to be discharged in bankruptcy with respect to the item of $16,192.66 in medical and hospital expenses. The notice quoted above was forwarded to the clerk of this Court of Appeal by Mr. Wattigny in a letter of transmittal which reads as follows:
 "April 16, 1985
"Kenneth DeBlanc, Clerk
Third Circuit Court of Appeals
Courthouse
Lake Charles, LA 70602
 Re: Linda Norris Broussard
 Vs: Wayne Joseph Norris
 15th JDC, Parish of Lafayette
 No: 83-4739
"Dear Clerk:
"In reference to the above captioned matter, please find enclosed herein an Automitic Stay in the Bankruptcy Court in regards to the above entitled matter which was taken under advisement by your Court. The Bankruptcy is considering the dischargeability of the medical bills, attorney's fees, and expenses in regards to the Judgment on appeal. The portion of the appeal with regards to the increase in Child Support should not be effected [sic] by the Automatic Stay.
 Very truly yours,
 ARMENTOR & WATTIGNY
 /s/ Dean M. Wattigny
 Dean M. Wattigny
DMW:lol Enclosure(1)"
Since we have been advised of the action taken by Wayne James Norris to seek a discharge in bankruptcy, we deem that the posture of the case has altogether changed. We conclude that the appropriate action for this Court to take is to remand the entire case to the trial court for reopening of the case and a redetermination of the facts (after termination of the bankruptcy proceedings), and for the taking of appropriate action at the trial level based on the circumstances which may be then disclosed. By this means we think the ends of justice will best be served. Heymann v. Lewis, 414 So.2d 787 (La.App. 3d Cir.1979).
The letter of Mr. Wattigny suggests that the stay order does not affect the appeal of the trial court's order for an increase in the amount of the child support. Whether that be so or not, we deem it appropriate to remand this entire matter to the trial court. On remand the trial court shall reopen the trial on the rule in question with full authority to admit additional evidence on all phases of the case. In this way the trial court will be in a position to determine just what it is that Mr. Norris is seeking to do relative to the sum of $16,192.66 and determine what may have in fact transpired. If Mr. Norris has obtained a discharge in bankruptcy, it could conceivably effect a change in his financial circumstances and may thereby present the trial court with changed circumstances which may affect its decision relative to the increased child support question.
For the foregoing reasons we remand this case to the trial court for further proceedings in conformity with our expressions stated above.
REMANDED.