In the Matter of a CLAIM FOR JOB INSURANCE BENEFITS.

Peggy M. SONTERRE, Appellee,

v.

JOB SERVICE NORTH DAKOTA, Respondent,

and

United Hospital, Appellant.

Civ. No. 11022.

Supreme Court of North Dakota.

Dec. 18, 1985.

Letnes, Marshall, Fiedler & Clapp, Grand Forks, for appellee; argued by Howard D. Swanson.

Sidney Hertz Fiergola, Asst. Atty. Gen., Job Service North Dakota, Bismarck, for respondent.

Degnan, McElroy, Lamb, Camrud, Maddock & Olson, Grand Forks, for appellant; argued by Gerald J. Haga.

ERICKSTAD, Chief Justice.

This is an appeal by United Hospital from a district court judgment reversing the decision of the North Dakota Employment Security Bureau which denied unemployment benefits to Peggy M. Sonterre. We reverse the judgment of the district court.

Peggy Sonterre was hired by United Hospital in August, 1979, to perform the tasks of data input operator and computer operator. During her first two and a half years, Sonterre worked mainly as a data input operator with keypunch responsibilities. Even though she continued to do keypunch work, her responsibilities later shifted so that her primary work was in computer operations.

On Tuesday, June 5, 1984, Sonterre received a note dated June 4, 1984, informing her that starting June 18, 1984, her shift would be 10:00 a.m. to 6:30 p.m., Monday through Friday, and every third weekend from 3:00 p.m. to 11:30 p.m., instead of her then current hours of 8:00 a.m. to 4:30 p.m., Monday through Friday. The note also informed Sonterre that she would be doing more data input work and less computer work. Sonterre's pay rate, job title, and total hours worked were unchanged. The changes in Sonterre's shift and responsibilities were the result of the hospital's conversion to a new computer which, to properly utilize, apparently required additional input activity.

The following morning Sonterre discussed her objections to the changes with her supervisor and a member of the hospital's personnel department and requested that she be changed to the night shift. Immediately after this request was denied Sonterre told her supervisor that she was quitting.

On June 19, 1984, Sonterre applied for benefits under the North Dakota Unemployment Compensation Law giving the following reasons for quitting her job:

"They gave me a paper on 6–5–84 dated 6–4–84 to start work a new shift and every 3rd week-end (as a key puncher) with less than 2 weeks [notice]. There was no way to find a sitter and they also wouldn't even let me take the night shift. There wasn't any other choice and they said it was final."

A claims deputy for Job Service of North Dakota granted Sonterre unemployment compensation on the basis that she "had good cause attributable to [her] employer for quitting." United Hospital appealed this decision. After a telephone hearing on July 26, 1984, James G. Lienhart, Chief Appeals Referee, reversed the decision of the claims deputy and denied Sonterre unemployment compensation because, "[t]he claimant chose to resign this employment for reasons which were personal and were not reasons attributable to the employer." Sonterre was then ordered to pay back $835 she had received in unemployment compensation benefits. This decision of the appeals referee was reviewed and affirmed by the North Dakota Employment Security Bureau (Bureau). Sonterre then appealed to the district court. The district court reversed the decision of the Bureau, finding that "Ms. Sonterre left her employment with good cause attributable to her employer."

The decision of an administrative agency should be affirmed unless one of the following is present:

"1. The decision or determination is not in accordance with the law.

"2. The decision is in violation of the constitutional rights of the appellant.

"3. Provisions of this chapter have not been complied with in the proceedings before the agency.

"4. The rules or procedure of the agency have not afforded the appellant a fair hearing.

"5. The findings of fact made by the agency are not supported by a preponderance of the evidence.

"6. The conclusions and decision of the agency are not supported by its findings of fact." § 28–32–19, N.D. C.C.

These provisions are applicable in a review by our Court through Section 28–32–21, N.D.C.C. We have held that our scope of review is a limited one and usually involves a three-step process: (1) Are the findings of fact supported by a preponderance of the evidence? (2) Are the conclusions of law sustained by the findings of fact? (3) Is the agency decision supported by the conclusions of law? *Schadler v. Job Service of North Dakota,* 361 N.W.2d 254, 256 (N.D.1985); *Asbridge v. North Dakota State Highway Commissioner,* 291 N.W.2d 739, 743 (N.D.1980).

■ In an appeal from a decision of an administrative hearing which has been appealed first to the district court and then to this court, we review the decision of the administrative agency and not the decision of the district court. *Schadler,* 361 N.W.2d at 256; *Application of Nebraska Public Power Dist.,* 330 N.W.2d 143, 146 (N.D.1983). Accordingly, in our review we look to the record compiled by the administrative agency. *Schadler,* 361 N.W.2d at 256; *Nebraska Public Power,* 330 N.W.2d at 146; *North Dakota Real Estate Commission v. Allen,* 271 N.W.2d 593, 595 (N.D.1978). *See also* Section 28–32–21, N.D.C.C.

In *North Dakota Real Estate Commission v. Boschee,* 347 N.W.2d 331, 335 (N.D. 1984), we listed the standards which apply when the district court or this court reviews the decision of an administrative agency:

"(1) we do not make independent findings of fact or substitute our judgment for that of the agency, but determine only whether a reasoning mind could have reasonably determined that the factual conclusions were supported by the weight of the evidence, *Power Fuels, Inc. v. Elkin,* 283 N.W.2d 214, 220 (N.D. 1979); (2) we exercise restraint when we review administrative agency findings, *Asbridge v. North Dakota State Highway Com'r,* 291 N.W.2d 739, 744 (N.D. 1980); (3) it is not the function of the judiciary to act as a super board when reviewing administrative agency determinations, *Barnes County v. Garrison Diversion, Etc.,* 312 N.W.2d 20, 25 (N.D. 1981); and (4) we will not substitute our judgment for that of qualified experts in the administrative agencies, *Bank of*

*Hamilton v. State Banking Bd.*, 236 N.W.2d 921, 925 (N.D.1976)."

There is no dispute that Sonterre left her employment voluntarily. It is also undisputed that if Sonterre left her employment because of good cause attributable to her employer, she would be entitled to unemployment benefits, and, if there was not good cause attributable to her employer, she would be disqualified for benefits under Section 52–06–02(1), N.D.C.C.[1] The dispute concerns whether or not the reasons given by Sonterre for leaving her employment were for good cause attributable to her employer.

Sonterre gave the following reasons for leaving her employment with United Hospital:

(1) Her shift was changed which would require her to get a baby-sitter and her request to have the night shift which would have alleviated the problem was denied.

(2) She was not given enough time to find a baby-sitter.

(3) She felt she had been demoted.

The appeals referee made the following findings of fact concerning Sonterre's claim: (1) Sonterre's objection to her new shift was "because she did not like her new duty assignment." (2) Sonterre was given two-week's notice; the hospital has a policy that an employee's shift can be changed with a seven-day notice. (3) In regards to Sonterre's claim that she had been demoted, Sonterre had been "assigned work she had done in the past at no change in her pay rate." (4) Sonterre was "able to continue on with her work and look for other work with the same employer."

The appeals referee concluded that Sonterre left her employment for reasons that were personal and without good cause attributable to her employer and, therefore,

denied her benefits on the basis of Section 52–06–02(1), N.D.C.C.

█ The appeal referee's decision was affirmed by the Bureau. The district court, however, reversed the Bureau's decision, finding that the facts were incomplete and not supported by the evidence. Considering the standards applicable when reviewing the decision of an administrative agency which were listed in *Boschee*, 347 N.W.2d at 335, and which we have previously listed in this opinion, we believe the district court erred in reversing the Bureau's decision.

█ We do not question that Sonterre may have been inconvenienced because the change in shift required her to find a baby-sitter. Such an inconvenience, however, does not empower an employee to leave employment and attribute the leaving to the fault of the employer. While parental obligations may be good personal reasons for leaving employment, they are not causes that are attributable to the employer. *Lyell v. Labor & Industrial Relations Commission*, 553 S.W.2d 899, 901 (Mo.App. 1977); *Gray v. Dobbs House, Inc.*, 171 Ind. App. 444, 357 N.E.2d 900, 903 (Ind.App. 1976); 81 C.J.S. *Social Security* § 230 at 460.

█ Likewise, a change in one's working shift when there is not an increase in total hours worked does not constitute good cause attributable to the employer for leaving employment. *Markert v. National Car Rental*, 349 N.W.2d 859, 861 (Minn. App.1984); *see generally* 81 C.J.S. *Social Security* § 233 at 464–65 (1977).

█ Sonterre also argues that the notice she received did not give her enough time to find a baby-sitter. We find little merit in this argument because of the fact that Sonterre did not establish in the record that she attempted to find a baby-sitter. An

---

1. *"52–06–02. Disqualification for benefits.* An individual shall be disqualified for benefits:

    1. For the week in which he has left his most recent employment voluntarily without good cause attributable to the employer, and thereafter until such time as he:

    a. Can demonstrate that he has earned remuneration for personal services in employment equivalent to at least eight times his weekly benefit amount as determined under section 52–06–04; and

    b. Has not left his most recent employment under disqualifying circumstances."

employee has the burden of proving that her reasons for leaving are for good cause attributable to her employer. Section 52–06–02(1), N.D.C.C. Sonterre provided no evidence that two weeks was an insufficient amount of time within which to find a baby-sitter, thus she did not meet her burden. Sonterre, instead, submitted her resignation within 24 hours of receiving the notice. This lack of effort on the part of Sonterre, along with the fact that United Hospital gave two-week's notice when its policy guidelines only required one-week notice, is sufficient to support the Bureau's conclusion that the amount of time given to Sonterre to adjust to her new shift was not so short as to provide good cause attributable to her employer for quitting her job.

■ Finally, the Bureau's failure to conclude that Sonterre had been demoted is sufficiently supported by the evidence. Sonterre's pay was unchanged and she was not being assigned work that was different from what she already had been doing. Her new schedule simply required her to do more of the work she did not enjoy and less of the work she did enjoy.

As the findings of the Bureau are supported by a preponderance of the evidence, as the conclusions of law are supported by the findings of fact, and as the decision of the Bureau is supported by its conclusions of law, we reverse the decision of the district court and reinstate the decision of the Bureau.

VANDE WALLE and GIERKE, JJ., concur.

LEVINE, Justice (concurring specially).

I concur in the result because I agree that Sonterre did not establish a good faith effort to find child care. Nor did she show that two weeks' time was an unreasonable period for her to find suitable child care.

I do not agree that in all cases a parent's need to find suitable child care constitutes a personal convenience. It ranks among other necessities. Since this case does not rise or fall on the issue of whether leaving employment because of a "parental obli-gation" is a cause attributable to the employer, I concur in the result.

MESCHKE, J., concurs.