Darlene R. EROVICK, Petitioner
and Appellant,

v.

JOB SERVICE NORTH DAKOTA and
Dakota Hospital, Respondents
and Appellees.

Civ. No. 870066.

Supreme Court of North Dakota.

July 28, 1987.

Michael C. O'Neel, Fargo, for petitioner and appellant.

William G. Peterson, Asst. Atty. Gen., Bismarck, for respondent and appellee Job Service of North Dakota.

Vogel, Brantner, Kelly, Knutson, Weir & Bye, Fargo, for respondent and appellee Dakota Hosp.; argued by Douglas R. Herman.

GIERKE, Justice.

Darlene Erovick appeals from a district court judgment affirming the decision of Job Service North Dakota (Job Service) denying her claim for unemployment benefits. We affirm.

Erovick was employed at Dakota Hospital for approximately six years as an Environmental Services Technician I, a position requiring her to provide general cleaning services and floor maintenance. She resigned from her position, effective April 20, 1986, and thereafter filed a claim with Job Service for unemployment benefits stating that she had quit her position because of "evaluation discrimination" and "harassment."

On May 6, 1986, Job Service sent Erovick a "Non-monetary Determination Notice" stating that she was not entitled to unemployment benefits because she had voluntarily quit her employment and had not established that her reasons for quitting were attributable to her employer. The notice also informed her that she could file an appeal with Job Service requesting reconsideration of the determination. Erovick filed a timely appeal and was given, upon her request, an "in person hearing" rather than a telephone hearing which Job Service had initially scheduled for the appeal. Following the hearing the referee filed a decision affirming the original determination that Erovick was not entitled to receive unemployment benefits, and upon Erovick's request for "bureau review" the executive director of Job Service reviewed the file and rendered a decision, dated July 29, 1986, affirming the denial of benefits. Erovick appealed from that decision to the district court which upheld Job Service's determination.

Erovick raises two issues on this appeal:

(1) Whether she was denied due process during the administrative proceedings before the Job Service referee; and

(2) Whether Job Service erred in its factual conclusion that Erovick voluntarily quit her job without good cause attributable to her employer.

On an appeal from a district court judgment involving the review of an administrative agency determination this court looks to the record compiled by the agency and the decision made by the agency. *Perske v. Job Service North Dakota*, 336 N.W.2d 146 (N.D.1983).

The June 9, 1986, notice of hearing sent to Erovick merely stated that the issue was "separation from his/her last employment." Erovick asserts that she was denied due process because that notice of hearing did not adequately apprise her of the reasons for disqualification so she could properly prepare for the hearing. We disagree.

The May 6, 1986, notice specifically stated that Erovick was being denied benefits because she voluntarily quit her employment and had failed to establish that the reasons for quitting were attributable to her employer. It is undisputed that Erovick voluntarily resigned from her position. It is also undisputed that to qualify for unemployment benefits under Section 52–06–02(1), N.D.C.C., Erovick had the burden of proving that her reasons for voluntarily resigning from her position were for good cause attributable to her employer. *Sonterre v. Job Service North Dakota*, 379 N.W.2d 281 (N.D.1985). The transcript of the administrative proceedings shows that Erovick understood the dispositive issue and with that understanding presented her case for receiving unemployment benefits. When the proceedings began, the hearing referee specifically asked Erovick if she had any questions regarding the issue or the conduct of the hearing, to which she responded "no."

Due process requires that the participant in an administrative proceeding be

given notice of the general nature of the issues to be heard. *Hentz Truck Line, Inc., Etc. v. Elkin,* 294 N.W.2d 774 (N.D. 1980). Notice of an administrative proceeding is adequate if it apprises the party of the nature of the proceedings so that there is no unfair surprise. *Skjonsby Truck Line, Inc. v. Elkin,* 325 N.W.2d 271 (N.D. 1982).

By itself, the June 9, 1986, notice does not explain the specific issues, legal or factual, to be considered at the hearing. When, however, that notice is considered in light of the May 6, 1986, non-monetary determination notice sent to Erovick, we believe that she was adequately apprised of the nature of the proceedings so as to allow her to prepare for the hearing and so as to preclude unfair surprise to her. We conclude that Erovick received adequate notice of the proceedings.

Erovick also asserts that she was denied due process at the administrative hearing because the hearing referee refused to continue the case so that another witness could be present to testify. At the commencement of the hearing Erovick informed the referee that one of her witnesses, Linda Winter, had called shortly before the hearing to say that she had to attend a funeral and could not therefore testify at the hearing. Erovick told the referee that Winter would have testified that she quit her position at Dakota Hospital a month prior to Erovick's resignation because she felt that she had been harassed by her superiors. During the hearing Erovick submitted a written statement of another employee, Deb Bruggeman Mitchell, who had been terminated by Dakota Hospital. Mitchell's statement indicated that she, like Erovick, had been harassed by her supervisors and the statement provided specific instances of alleged harassment. In response to the hearing referee's questioning, Erovick responded that Winter's testimony would have been similar to that provided by Mitchell's statement. The referee determined that Winter's testimony would be merely repetitive and not particularly helpful and for that reason concluded that a continuance was not warranted. Under these circumstances we conclude that the referee did not abuse his discretion in refusing to continue the hearing.

Erovick was given unbridled opportunity to present evidence of the reasons for her resignation, including specific instances of alleged harassment by her superiors. She was also allowed to submit Mitchell's written statement corroborating her testimony regarding instances of alleged harassment. During the hearing proceedings the referee asked numerous questions in an obvious attempt to ferret out all instances of possible harassment or other wrongful conduct by Erovick's employer relevant to the issue of whether her resignation was attributable to her employer.

A person is denied due process or a fair hearing when the defects in the hearing process might lead to a denial of justice. *Schadler v. Job Service North Dakota,* 361 N.W.2d 254 (N.D.1985). Having reviewed the entire record in this case, we conclude that Erovick was given a full and fair opportunity to present her case, that the hearing referee acted impartially with a view toward uncovering all relevant facts, and that the evidence was carefully and conscientiously considered by Job Service. Accordingly, we conclude that there was not a denial of justice and that Erovick was not denied due process in the administrative proceedings conducted in this case.

Erovick asserts that Job Service erred in its finding that she did not quit her employment because of good cause attributable to her employer. Our review of an administrative agency determination, with regard to factual findings, is limited to a determination of whether the findings of fact are supported by a preponderance of the evidence. *Power Fuels, Inc. v. Elkin,* 283 N.W.2d 214 (N.D.1979). We do not make independent findings of fact or substitute our judgment for that of the agency but determine only whether a reasoning mind could have reasonably determined that the factual conclusions were supported by the weight of the evidence. *Sonterre v. Job Service North Dakota,* 379 N.W.2d 281 (N.D.1985).

· Erovick presented evidence to demonstrate that she was the victim of evaluation discrimination. In her March 20, 1986, performance evaluation she was given an overall job rating of average and as a result of that evaluation she received an 18¢ per hour pay raise. Erovick asserts that certain other workers who performed the same tasks as she did and, in her opinion, whose work was not performed better than hers, received hourly pay raises of 30¢ and 31¢. Management representatives for Dakota Hospital presented evidence that the average employee pay raise for this time period was 2.7% whereas Erovick's pay raise constituted approximately a 3% increase.

Erovick also presented evidence of specific instances of conduct which she believed constituted harassment by her employer. Erovick asserts that at various times during her six years of employment with Dakota Hospital she complained that certain equipment was unsafe, having frayed cords or other defects, and that her complaints were met with sarcasm and that timely repairs were not made on the equipment. She states that on one occasion she was required to clean floors on her knees even though she had a serious condition of "water on the knee." Erovick states that her supervisor took home a Christmas present which she brought to work for another person and that her supervisor, upon returning it when requested to do so, stated that she thought the present was for her. Erovick also states that the auxiliary members at the hospital brought a box of chocolates for the cleaning staff but her supervisor never opened the chocolates nor told her that they had received them. Erovick states that her breaks and lunch periods were often stressful because her supervisor would sit with the employees and report to the director certain comments that were made by them. Erovick also states that during breaks and lunches coworkers would talk about confidential patient information which created a stressful situation. Erovick introduced evidence of numerous other similar instances which, in her opinion, created a stressful working environment that constituted harassment by her superiors.

Representatives for Dakota Hospital responded with evidence that they attempted to provide safe equipment and working conditions and that when complaints were brought to management's attention by the staff there was an attempt to remedy the situation or provide an otherwise appropriate response.

Having reviewed the record, we conclude that a reasoning mind could have reasonably determined, as did Job Service in this case, that Erovick failed to prove that her resignation was the result of good cause attributable to her employer. A reasoning mind could conclude that there was not substantial evidence of conduct by Erovick's employer which would constitute harassment or unfair treatment justifying Erovick's resignation.

The judgment of the district court affirming Job Service's denial of Erovick's claim for unemployment benefits is affirmed.

ERICKSTAD, C.J., MESCHKE and VANDE WALLE, JJ., and PEDERSON, Surrogate Justice, concur.

PEDERSON, Surrogate Justice, sitting in place of LEVINE, J., disqualified.