**Trudie Kay SCHMIDT, now Trudie Kay Heaton, Plaintiff and Appellee,**

v.

**Gerald SCHMIDT, Defendant and Appellant.**

Civ. No. 870381.

Supreme Court of North Dakota.

Dec. 6, 1988.

Thomas M. Disselhorst (argued), Bismarck, for defendant and appellant.

Ella Van Berkom (argued), Minot, for plaintiff and appellee.

LEVINE, Justice.

Gerald Delbert Schmidt appeals from a judgment dismissing his motion for reduction in child support.[1] We affirm.

This case is unusual because of its duration from beginning to end. Gerald initially moved to reduce child support in late 1983. Some three and one-half years later, after three continuances and four hearings, the motion was dismissed.

Gerald Schmidt and Trudie Kay Schmidt, now Trudie Kay Heaton, were divorced on February 3, 1982. Trudie was awarded custody of the couple's minor children, and Gerald was ordered to pay child support. On December 7, 1983, Gerald brought a motion for reduction of child support. At

---

1. In the September 1987 hearing, the court stated that it was "denying" Gerald's motion for reduction of child support. The judgment states that the motion was dismissed. The parties have drawn no distinction between "dismissed" and "denied" and we thus follow the parties' lead.

the first hearing held in February 1984, Gerald disclosed that he had filed a petition for bankruptcy under Chapter 11 of the United States Bankruptcy Code. Gerald requested a continuance in order to obtain more financial information in support of his motion to reduce child support. The matter was continued until April 1984, and at that hearing Gerald testified that he had proposed a "temporary plan" to the bankruptcy court, but no final plan had been approved.

The district court determined that it would defer ruling on the motion to reduce child support until the bankruptcy court approved or disapproved a final plan. Gerald agreed to await the presentation of a final plan to the bankruptcy court before pursuing his motion. The district court then ordered a continuance until such time as Gerald could present evidence of his financial condition.

The bankruptcy proceeding was dismissed in April 1986. One year later Gerald renewed his motion and requested a hearing in the district court. At the hearing which was held in July 1987, Gerald testified about his finances, and indicated that he had about "twenty agreements" with a Mr. Walsh, relating to a loan and cash-collateral agreements. Mr. Walsh was described as an "investor," and Gerald's "financier." Gerald testified that some of the agreements pertained to the sale of his cattle and farm machinery to Walsh. These agreements allowed Gerald to buy back the cattle and to use the farm machinery. Gerald testified that he had received money from Walsh and some of the cattle, based on the agreements, but he could not explain the details of the agreements; nor could he adequately answer questions about what he had received or would receive under the agreements. The court ordered Gerald to produce the agreements and accordingly continued the matter.

The next hearing was held on September 21, 1987. Gerald presented only three of the agreements with Walsh. Gerald testified that these agreements pertained to the sale of cattle, machinery and money that Gerald had received. Gerald also testified about his expenses. Gerald attempted to show his income and expenses through a document presented to the court, but because Gerald could not explain the basis for the figures the court refused to allow the document into evidence. From the three agreements and Gerald's testimony about his income and expenses, the court stated that it had "no idea how he [Gerald] gets his income and what arrangements he has with Mr. Walsh."

The trial court concluded that Gerald did not present any facts to sustain his motion for reduction of child support. The court dismissed the motion, advising Gerald that he could bring another motion "at some time in the future when you think you can make sense out of all this." Gerald obtained new counsel, and appealed.

Gerald asserts that the trial court erred in dismissing his motion for reduction of child support because: (1) at the April 1984 hearing the trial court precluded him from presenting evidence of his financial condition because of the ongoing bankruptcy and absence of a final plan; (2) the trial court prevented him from presenting evidence when it arbitrarily cut off the July 1987 and September 1987 hearings; (3) the trial court refused to admit his 1986 income tax return into evidence; and (4) adequate evidence was presented to the court from which the court could have determined Gerald's income and expenses.

■ A party who requests modification of child support has the burden of showing a material change of circumstances. *Penuel v. Penuel*, 415 N.W.2d 497, 499 (N.D. 1987). A change of circumstances with reference to modification of child support payments is one based primarily on a change in financial circumstances. *Skoglund v. Skoglund*, 333 N.W.2d 795, 796 (N.D.1983). Thus, Gerald had the burden of showing a material change in his financial circumstances to support his motion to reduce child support.

The first issue is whether the trial court abused its discretion in preventing Gerald from presenting evidence about his finances at the hearing in April 1984 because of the ongoing bankruptcy proceeding and the absence of a final plan.

The decision to admit or exclude evidence rests in the sound discretion of the trial court and will not be reversed unless the trial court has abused its discretion. *See e.g., State v. Erdman,* 422 N.W.2d 808, 812 (N.D.1988); *First Trust Co. v. Scheels Hardware,* 429 N.W.2d 5, 11 (N.D.1988).

■ At the hearing in April 1984 the trial court concluded it could not act on the motion until a final plan had been presented to the bankruptcy court. However, the court invited Gerald to present legal authority to the contrary. Gerald did not object to the continuance and did not present the court with any legal authority. The record reveals that Gerald consented to the continuance, agreeing that he would await determination of the motion until a final plan was presented to the bankruptcy court. Gerald cannot now be heard to complain that the trial court should have acted.[2]

■ Furthermore, Gerald waited for over a year after the bankruptcy petition was dismissed to renew the motion for reduction of child support. Thus, the evidence that Gerald contends should have been considered by the trial court in 1984 was not brought to the court's attention again until one year after the conclusion of the bankruptcy proceeding. We conclude that the trial court did not abuse its discretion in excluding this evidence.

■ Gerald argues that there was an "arbitrary cutoff" of the July 1987 and September 1987 hearings which prevented him from presenting evidence. Rule 611(a), NDREv, gives the trial court considerable leeway in controlling the mode and order of presenting evidence in order to effectively ascertain the truth and avoid needless consumption of time. During the July 1987 hearing, the court requested that Gerald provide documentation of the agreements with Mr. Walsh.[3] Gerald conceded the importance of the agreements and the need to continue the hearing in order to provide copies of the documents to the court. The court simply continued the hearing to allow for the presentation of the documents. We find no merit in the argument that the court arbitrarily cut off the July hearing.

■ As to the September 1987 hearing, the court concluded the hearing after listening to considerable testimony and reviewing documentary evidence, much of which was confusing and contradictory. This was the fourth hearing on the matter

---

**2.** Because Gerald waived his right to complain of error in the exclusion of evidence he would have introduced despite the bankruptcy proceeding, we need not decide whether the trial court erred in determining that it could not act on the motion due to the bankruptcy. *See e.g., In re Stringer,* 847 F.2d 549 (9 Cir.1988) (an action for modification of child support order is not exempt from the automatic stay and thus was not permitted); *Broussard v. Norris,* 470 So.2d 399 (La.Ct.App. 3 Cir.1985) (order to increase child support remanded for determination of facts after the termination of bankruptcy proceeding). *But see Kruse v. Kruse,* 464 N.E.2d 934 (Ind.Ct.App. 3 Dist.1984) (upheld trial court's modification of child support despite the petition for bankruptcy filed by the noncustodial parent).

**3.** At the hearing in July 1987, the trial court stated that it would consider reducing future child support payments only. Despite the fact that the motion was initiated in 1983, the court indicated that it would not consider reducing child support obligations that accrued before July 1987. Because of our disposition of this case, we need not determine the propriety of the trial court's decision to consider only the "prospective" reduction of child support. *Compare Sexton v. Sexton,* 32 Ohio App.2d 344, 291 N.E.2d 542, 545 (1971) (court has jurisdiction to modify only prospective support payments) *with Towne v. Towne,* 552 A.2d 404 (Vt.1988) (child support may be modified effective as of any time from the filing of the petition for modification; court noted that ruling does not disturb prohibition against retroactive modification of arrearages accrued as of the date the petition for modification was filed).

with precious little progress reflected in the record. Gerald's testimony about his finances was inconsistent and inadequate to inform the court of Gerald's income and expenses. We conclude that the court did not abuse its discretion in terminating the September hearing. Rule 611(a), NDREv; *see Erovick v. Job Service North Dakota,* 409 N.W.2d 629 (N.D.1987) (referee did not abuse his discretion when he failed to continue a hearing because he thought further testimony would be unhelpful and repetitious).

Gerald next argues that the trial court erred when it refused to admit his 1986 tax return during the September 1987 hearing. The 1986 tax return was unsigned, unfiled and incomplete. Even so, the court did admit an unsigned taxpayer's copy of the 1986 tax return. The court questioned the 1986 tax return's reliability but received the taxpayer's copy of the 1986 tax return into evidence "subject to the knowledge that it hasn't been signed nor has it been filed." The trial court found that the unsigned and unfiled 1986 tax return was "meaningless" without an attachment which would show in detail the loss in farm income claimed by Gerald, and that without the attachment there was "no way to cross-examine." The trial court may assess the reliability of documentary evidence in light of the testimony of witnesses, *see Paulson v. Meinke,* 352 N.W.2d 191, 194 (N.D.1984). We conclude that the trial court did not abuse its discretion in refusing to admit the 1986 tax return.

Finally, Gerald asserts that "adequate evidence" was presented to the trial court from which the court could have determined his income and expenses. Although Gerald testified as to his finances and provided the court with some documents, he presented at best an incomplete picture of his financial condition, and at worst, a confusing and incredible account.

Only three of the twenty agreements with Walsh were presented to the court, and Gerald could not sufficiently explain his relationship with Walsh.

The trial court may assess the credibility of witnesses and the reliability of documents in light of the testimony of the witnesses. *See Paulson, supra.* The testimony and documents Gerald presented to the trial court failed to provide the court with the information it needed to assess Gerald's financial condition. We agree with the trial court that Gerald did not sustain his burden of showing a substantial change of circumstances.[4] We conclude that the trial court did not err in dismissing Gerald's motion to reduce child support.

Accordingly, we affirm.

ERICKSTAD, C.J., and MESCHKE, GIERKE and VANDE WALLE, JJ., concur.

---

**4.** Contempt proceedings were brought against Gerald for failure to pay child support. Gerald asserts that the trial court should have consolidated the contempt proceedings and the motion for reduction of child support. We find that the trial court did not abuse its discretion in denying the consolidation. *See* Rule 42(a), NDRCivP.