SCHOOL COMMITTEE OF CHICOPEE *vs.* MASSACHUSETTS
COMMISSION AGAINST DISCRIMINATION & another.

Hampden.    December 14, 1971. — March 7, 1972.

Present: TAURO, C.J., CUTTER, QUIRICO, BRAUCHER, & HENNESSEY, JJ.

*State Administrative Procedure Act.*

Although an administrative agency has the responsibility of making
    findings of fact and is in the best position to judge the credibility
    of the witnesses where the evidence is in conflict, this rule does not
    relieve such agency from its duty of making subsidiary findings of
    fact on all issues to be decided and setting forth the manner in
    which it reasoned from the subsidiary facts so found to the ultimate
    decision reached.   [354–355]
Where no subsidiary findings of fact were made by the Massachusetts
    Commission Against Discrimination on portions of the evidence
    that were relevant to the Commission's ultimate decision that a
    school committee had discriminated against a qualified school
    teacher in refusing to employ him solely because of his age, the case
    must be returned to the Commission for more complete subsidiary
    findings of fact.   [354–355]

BILL IN EQUITY filed in the Superior Court on February
6, 1967.

The case was heard by *Noonan, J.*

The case was submitted on briefs.

*Edward F. Valego & John P. Moylan,* Assistant City
Solicitors, for the School Committee of Chicopee.

*Robert H. Quinn,* Attorney General, *& Stephen R. Ross,*
Deputy Assistant Attorney General, for Massachusetts
Commission Against Discrimination.

HENNESSEY, J.   Edward A. Janasz (the complainant)
filed a complaint with the Massachusetts Commission
Against Discrimination (Commission) against the School
Committee of Chicopee alleging that he was denied em-
ployment as a teacher solely because of age.   After hear-
ing, the Commission ruled that the school committee dis-
criminated against the complainant on acount of age and

361 Mass. 352                                          353

School Committee of Chicopee *v.* Mass. Comm. Against Discrimination.

ordered that he be hired as a teacher in the Chicopee school system. The Commission's order was affirmed by a final decree entered in the Superior Court. The school committee appeals from the final decree.

The Commission made several findings of fact. It found that the complainant was forty-nine years of age, that he held degrees in the fields of business and education, that he was certified to teach in Massachusetts and that he had been a teacher of business courses in the Chicopee school system from 1955 through 1959. The Commission also found that, after a period of further education and other employment, the complainant, in 1962, applied for an administrative assistant's position and a teaching position in the Chicopee system.

The Commission further found that until August, 1964, the superintendent of the Chicopee public schools was unaware of the existence of G. L. c. 151B, §§ 4, 5, as those sections pertain to discrimination on account of age, that during the period of time in which the complainant made application for a teaching position, the superintendent had in at least a few instances circled the age of applicants on application forms, that the Chicopee school committee had considered the age of applicants in determining whether or not it would recommend that a particular applicant be hired and that in April, 1964, one Barbara Jean Grabiec, twenty-four years of age, was hired to teach business courses in the Chicopee school system.

Finally, the Commission found that at the time the complainant left the Chicopee school system in 1959, he was in good standing and was considered a highly qualified teacher of business courses, that between the time he left the system in 1959 and reapplied in 1962, no official of the Chicopee system had an opportunity to observe the complainant's classroom teaching and that from April, 1962, to the time of the hearing there were teaching positions available in which the complainant was qualified to teach.

General Laws c. 30A, § 11 (8), inserted by St. 1954,

354                                              361 Mass. 352

School Committee of Chicopee *v.* Mass. Comm. Against Discrimination.

c. 681, § 1, provides that "[e]very agency decision shall be in writing or stated in the record. The decision shall be accompanied by a statement of reasons for the decision, *including determination of each issue of fact or law necessary to the decision*" (emphasis added). *Strong* v. *Massachusetts Commn. Against Discrimination,* 351 Mass. 554, 556. Likewise, G. L. c. 151B, § 5, provides that "the commission shall state its findings of fact."

In our view, the case must be remanded to the Commission for further findings of fact. As observed above, the statute governing administrative procedures such as those involved here requires that a determination be made as to *each* issue of fact and law necessary to the administrative agency's ultimate decision. While the Commission did make certain findings of fact in this case, our review of the transcript indicates that several issues of fact presented to the Commission and bearing on its ultimate decision were not made the subject of specific findings by the Commission.

For example, there was documentary evidence that a substantial number of individuals over forty years of age were hired as teachers by the Chicopee school committee between the years 1960 and 1965. There was also evidence that in 1962, the principal of the Chicopee High School rated the complainant below average in terms of responsibility, initiative and leadership and that these ratings were considered by the superintendent in passing on the complainant's application for employment. There was further evidence that the principal of the only other high school in Chicopee, the Chicopee Comprehensive High School, informed the superintendent that Miss Grabiec was a better teacher for the particular position than the complainant because Miss Grabiec was "a very flexible type of person . . . a person who can teach a variety of subjects."

We recognize that where the evidence is conflicting, the administrative agency is charged with the responsibility of making findings of fact and is in the best position to judge the credibility of the witnesses. G. L. c. 30A, § 11

(8) ; c. 151B, § 5.   However, that rule does not relieve an agency of its duty to make subsidiary findings of fact on all issues relevant and material to the ultimate issue to be decided.   Nor does it relieve the agency of the duty to set forth the manner in which it reasoned from the subsidiary facts so found to the ultimate decision reached. *Hamilton* v. *Department of Pub. Util.* 346 Mass. 130, 137, and cases cited.   In the present case, no subsidiary findings were made on important portions of evidence which, in our view, are relevant and material to the ultimate decision reached by the Commission.  On the record before us, we cannot determine whether the Commission disbelieved those portions of the evidence on which no subsidiary findings were made, or believed them but considered them not determinative of the ultimate issue. "As it is, we have no way of knowing what facts . . . [were] found to exist and whether, in reaching its general conclusion . . . [the Commission] applied correct principles of law to the facts found by it."  *New York Cent. R.R.* v. *Department of Pub. Util.* 347 Mass. 586, 593.   The case must therefore be returned to the Commission for more complete subsidiary findings of fact.   We intend no intimation concerning what those findings should be.

The final decree is reversed and a new decree is to enter remanding the case to the Commission for further proceedings consistent with this opinion.

*So ordered.*