WILLIAM M. SMITH vs. DIRECTOR OF THE DIVISION OF
EMPLOYMENT SECURITY & another.[1]

Suffolk. September 14, 1978. — November 6, 1978.

Present: HENNESSEY, C.J., QUIRICO, BRAUCHER, KAPLAN, & LIACOS, JJ.

*Employment Security,* Findings by board of review, Eligibility for
benefits, Misconduct by employee.

Where a finding by the board of review of the Division of Employment
Security that an applicant for unemployment benefits had been
dismissed for breaking a company rule was supported by substan-
tial evidence but there was also substantial evidence to permit a
conclusion that the rule had been arbitrarily and capriciously ap-
plied to the applicant and the board failed to make a finding on this
issue, the case was remanded to the division for further proceed-
ings. [564-568]

PETITION filed in the Municipal Court of the City of
Boston on February 4, 1977.

The case was heard by *Umana,* J.

*Harvey S. Shapiro* for the plaintiff.

*George J. Mahanna,* Assistant Attorney General, for
Director of the Division of Employment Security.

*Carl K. King* for Sears, Roebuck and Co.

QUIRICO, J. After being discharged from his job as a
warehouseman at Sears, Roebuck and Co. (Sears) on July
15, 1976, William M. Smith filed a claim for unemploy-
ment benefits under G. L. c. 151A. This claim, although
initially denied, was allowed after hearing by the Direc-
tor of the Division of Employment Security on October 8,
1976, and Sears, the employing unit, appealed to the
board of review. G. L. c. 151A, § 40.

---

[1] Sears, Roebuck and Co.

The review examiner, speaking for the board, found "[f]rom disputed testimony . . . that the claimant [Smith] was observed by a member of management and members of company security breaking a company rule, specifically drinking alcoholic beverages during company time and was discharged." This finding is supported by substantial evidence, and is therefore conclusive on appeal. See G. L. c. 151A, § 42; G. L. c. 30A, § 14 (7) (e); *Raytheon Co.* v. *Director of the Div. of Employment Security,* 364 Mass. 593, 595 (1974); *Martin* v. *Director of the Div. of Employment Security,* 347 Mass. 264, 268 (1964); *Wagstaff* v. *Director of the Div. of Employment Security,* 322 Mass. 664, 667 (1948).

Smith accepts this finding, as he must, for purposes of appeal, but argues that the company's rule against drinking was arbitrarily or capriciously applied to him. He further argues that such an arbitrary or capricious application of a work rule cannot justify a disqualification for unemployment benefits, and therefore challenges the review examiner's conclusion that his discharge was "attributable solely to deliberate misconduct in wilful disregard of the employing unit's interest within the meaning of Section 25 (e) (2) of the Massachusetts Employment Security Law." The review examiner's decision was affirmed by a judge of the Municipal Court of the City of Boston.

Because the review examiner made no finding on the issue of whether the work rule was arbitrarily or capriciously applied in this case, we cannot assess the correctness of his ultimate conclusion. For the reasons stated below, a resolution of the issue of arbitrariness is necessary to the proper disposition of Smith's claim; we therefore reverse the decision of the Municipal Court of the City of Boston and remand the case to the board for further findings on this point.

The basic facts brought out at the board of review hearing are the following. On July 15, 1976, Smith was sitting in a car with friends during his afternoon break, when

two Sears managerial personnel observed him from a second floor window. Believing that he was drinking beer, the two managers, joined by two security officers, approached the car and told the occupants to go to the office. There, after some discussion, during which Smith denied that he was drinking alcoholic beverages, he was dismissed.

Sears had a rule, of which Smith was aware, that consumption of alcoholic beverages during company time was grounds for dismissal. However, there was testimony that neither the assistant operating manager nor the shop steward knew of any other case in which an employee had been terminated for this offense; that Sears had been lenient with employees who drank on the job; and that "[t]here have been incidents of this nature in the past where the terms of the contract weren't put into effect." It was agreed by the company representatives that Smith neither appeared intoxicated nor smelled from liquor; that he had never previously been known to drink on the job; and that he had received no warning prior to termination. There was testimony that it was permissible for employees to have a beer during lunch hour if they were off the premises. There was evidence that an employee named McMasters had been given a written warning, and sent home, but not terminated, for being under the influence of alcohol. The assistant operating manager stated that there was "no set policy" for handling rule infractions, but that each instance was "handled on an individual case by case basis."

Whether this evidence was credible, or would have supported Smith's contention that his firing resulted from arbitrary or capricious application of the rule, was for the review examiner, and not for this court, to determine. But since he made no findings on this point, "[o]n the record before us, we cannot determine whether the [examiner] disbelieved those portions of the evidence on which no subsidiary findings were made, or believed them but considered them not determinative of the ulti-

mate issue." *Maryland Cas. Co.* v. *Commissioner of Ins.*, 372 Mass. 554, 567 (1977). *Katz* v. *Massachusetts Comm'n Against Discrimination*, 365 Mass. 357, 363 (1974). *School Comm. of Chicopee* v. *Massachusetts Comm'n Against Discrimination*, 361 Mass. 352, 354-355 (1972). This court has on many occasions stressed the importance of specific, clear, and complete subsidiary findings of fact. *Hamilton* v. *Department of Pub. Utils.*, 346 Mass. 130, 137 (1963). *Conley* v. *Director of the Div. of Employment Security*, 340 Mass. 315, 317 (1960). *Messersmith's Case*, 340 Mass. 117, 120 (1959). *Judkins's Case*, 315 Mass. 226, 227 (1943). Other jurisdictions have also emphasized the need for thorough findings in the context of unemployment compensation agency determinations. *Trujillo* v. *Industrial Comm'n*, 510 P.2d 469, 470 (Colo. App. 1973). *Bendix Corp.* v. *Radecki*, 158 Ind. App. 370, 378 (1973). Without findings on all material issues presented by the record, this court cannot properly exercise its appellate function. *Schulte* v. *Director of the Div. of Employment Security, ante* 107, 110 (1978). *Save the Bay, Inc.* v. *Department of Pub. Utils.*, 366 Mass. 667, 687 (1975). *Canavan's Case*, 364 Mass. 762, 766-767 (1974).

Persuasive evidence of arbitrary or capricious application of a work rule might well support a finding that, even though an employee violated that rule, his discharge was not "attributable solely to deliberate misconduct in wilful disregard of the employing unit's interest." G. L. c. 151A, § 25 (*e*)(2), as amended through St. 1975, c. 684, § 78. This court has recently emphasized that even "[d]eliberate misconduct alone is not enough" to trigger the disqualifying statute; there must be "'wilful disregard' of the employer's interest" as well. In determining this, the employee's "state of mind" is "an important factual issue," *Goodridge* v. *Director of the Div. of Employment Security*, 375 Mass. 434, 436-437 (1978), so that, for example, if an employee believed that violations of a certain rule were habitually ignored or disregarded as unimportant by the employer, this might be a factor to take into account. Not

every transgression of a rule automatically justifies a disqualification from unemployment benefits, the general principle being that "[w]hile the violation of a work rule may well justify the discharge of an employee, such a violation does not necessarily amount to misconduct for unemployment compensation purposes." 76 Am. Jur. 2d, Unemployment Compensation § 53 (1975). Cf. *McCarthy's Case,* 314 Mass. 610, 611 (1943). See *Swope* v. *Florida Indus. Comm'n Unemployment Compensation Bd. of Review,* 159 So. 2d 653 (Fla. Dist. Ct. App. 1963); *Louisiana Hosp. Serv., Inc.* v. *Bookter,* 317 So.2d 282, 285 (La. App. 1975); *Reed* v. *Employment Security Comm'n,* 364 Mich. 395 (1961); *Hulse* v. *Levine,* 41 N.Y. 2d 813, 814 (1977); *Harp* v. *Administrator, Bureau of Unemployment Compensation,* 12 Ohio Misc. 34, 37-38 (1967); *Williams* v. *Unemployment Compensation Bd. of Review,* 32 Pa. Commw. Ct. 641, 644-645 (1977); *Fitzgerald* v. *Globe-Union, Inc.,* 35 Wis. 2d 332 (1967); Annots., 26 A.L.R.3d 1356 (1969); 58 A.L.R.3d 674 (1974). This is particularly true where a rule is arbitrarily or capriciously applied. *Woodson* v. *Unemployment Compensation Bd. of Review,* 461 Pa. 439, 442-443 (1975). *Unemployment Compensation Bd. of Review* v. *Crilly,* 25 Pa. Commw. Ct. 21, 24 (1976) ("At issue is the alleged lack of employer standards for the discharge of its tardy employees. It is further asserted that, if standards do in fact exist, they are unequally enforced. These contentions, of course, are relevant considerations in absentee cases"). Cf. *School Comm. of Southbridge* v. *Brown,* 375 Mass. 502, 505-506 (1978).[2]

---

[2] Smith also argues that if the denial of unemployment benefits is based on arbitrary or capricious action by the employer, that denial is in violation of the Fourteenth Amendment to the United States Constitution. Certainly the decisions of the Division of Employment Security are governed by the Constitution, as is all State action. See *Keough* v. *Director of the Div. of Employment Security,* 370 Mass. 1, 5 (1976); *Sherbert* v. *Verner,* 374 U.S. 398, 404-405 (1963). But, without findings of fact by the review examiner on the evidence of arbitrary or capricious action, we cannot rule in a vacuum on the constitutional claim. See *Schulte* v. *Director of the Div. of Employment Security, ante* 107, 110 (1978).

We cannot determine at this juncture whether the evidence of arbitrary or capricious application of the rule was or was not believed by the review examiner, but in any event the issue should have been considered and decided. Since the review examiner made no finding on this evidence, we cannot know whether he rejected or merely disregarded it. There was substantial evidence on the record to support a finding that the rule was reasonably applied, and that Smith was properly disqualified from collecting benefits, but the silence of the review examiner's decision on this point makes it impossible to know if this is what he found. There was likewise substantial evidence to support Smith's contention. Since it is the agency which should weigh the evidence and find the facts on these conflicting claims, we reverse the decision of the Municipal Court of the City of Boston and remand the case to the Division of Employment Security for further proceedings consistent with this opinion.

*So ordered.*