BARBARA GREGORY *vs.* COMMISSIONER OF PUBLIC WELFARE. January 9, 1980. The plaintiff appeals from a judgment upholding a decision by the Department of Public Welfare (department) denying her application for medical assistance under the provisions of G. L. c. 118E, §§ 1 and 5, for her claimed medical disability due to alcoholism. Because we cannot determine from the record whether the appeals referee applied the correct legal standard to the evidence presented, we reverse and remand for further findings.

The plaintiff was discharged from her job for problems caused by alcoholism in October of 1974. On January 23, 1975, she was hospitalized for these difficulties and on the same date she applied for medical assistance. She continued various treatment programs after her discharge but was unable to return to full time employment at a new job until December of 1975.

If the plaintiff was "disabled" as that term is defined in Tit. XVI of the Social Security Act, 42 U.S.C. §§ 1381-1383c (1976), she is entitled to medical assistance benefits (G. L. c. 118E, §§ 1, 5) for a period commencing with "the three months immediately prior to the month in which [she] filed [her] application." G. L. c. 118E, § 14, as appearing in St. 1973, c. 1210, § 28. A person is "disabled" if he "is unable to engage in any substantial gainful activity by reason of any medically determinable

physical or mental impairment which . . . has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. § 1382c(a)(3)(A) (1976). The appeals referee made no finding of fact as to the onset or duration of the plaintiff's disability, nor did he summarize and indicate whether he rejected or accepted evidence in the form of the plaintiff's uncontroverted testimony that she was disabled for fourteen months and supporting medical data which he examined but did not append to the record. G. L. c. 30A, § 11(8). Massachusetts Public Assistance Policy Manual, c. VI, § E, parts 2 and 4, at 14 Code Mass. Regs. part 12, 860 (1976). *School Comm. of Chicopee* v. *Massachusetts Commn. Against Discrimination*, 361 Mass. 352, 355 (1972). *Save the Bay, Inc.* v. *Department of Pub. Util.*, 366 Mass. 667, 687 (1975), and cases cited. He stated as a conclusion of law that "[w]hile alcoholism is a disabling condition medical data did not substantiate that it was expected to last 12 months or more and prevent gainful activity." Without findings of fact, this conclusion is equally susceptible of two readings: (a) that the plaintiff failed to convince the referee that she suffered a condition of the requisite severity for any continuous twelve-month period during her fourteen-month absence from the labor force or (b) that she was barred by the date of her application from proving either a prospective or retrospective condition, despite the actual duration of that condition. The latter approach confuses *disability* (was her condition severe enough for twelve months so as to prevent gainful activity?) with *eligibility* (if she suffered such a condition, could she collect benefits for all or part of the duration of the condition? See G. L. c. 118E, § 14), and is an unwarranted reading of applicable law. Because of this distinction, the Federal statutory scheme upon which State entitlement is based treats the definition of disability (see 42 U.S.C. § 1382c) apart from the additional requirements for eligibility (see 42 U.S.C. § 1382). Moreover, the identical definition of disability appears in the Federal disability insurance program (see 42 U.S.C. § 423[d][1][A] [1976]), even though that statute has requirements for eligibility which are different from those of Tit. XVI and which include a "waiting period" before filing for benefits. Compare and contrast 42 U.S.C. § 423(c)(1) and (2), with 42 U.S.C. § 1382c. This leads to the conclusion that a determination as to duration of disability is a separate factual question from that of eligibility. In computing the duration of a claimed disability, the department and its appeals referee are to consider all the evidence of "medically determinable physical or mental impairment," without regard to when the application was filed, because the past history of a continuing condition is relevant to whether the condition "can be expected to last . . . twelve months." 42 U.S.C. § 1382c(a) (3)(A). G. L. c. 118E, §§ 1, 5. Then the department should separately consider whether retroactive benefits are due for disability incurred before the application date. 42 U.S.C. § 1382(c)(1). G. L. c. 118E, § 14.

The judgment is vacated. A new judgment is to be entered remanding the case to the department for further proceedings consistent with this opinion, including the reconsideration of all medical reports in the plaintiff's file with the department and consideration of such additional information and medical records as the parties may wish to submit. The Superior Court is to retain jurisdiction of the case for the entry of an appropriate final judgment upon the entire administrative record.

*So ordered.*

*Emily S. Starr* for the plaintiff.
*Donald K. Stern,* Assistant Attorney General, for the defendant.