STEVEN SVOBODA *vs.* DIRECTOR OF THE DIVISION OF EMPLOYMENT SECURITY. June 28, 1982. After a hearing, the plaintiff was denied unemployment compensation benefits by a review examiner, who concluded that the plaintiff's separation from his job was voluntary, without good cause attributable to the employer. The plaintiff appealed and a subsequent hearing was held before the board of review, after which the board adopted the findings and conclusions of the review examiner, and affirmed the denial of benefits to the plaintiff. The plaintiff appealed to the Greenfield District Court without success. The record discloses that there was substantial evidence to support the finding that the plaintiff's departure was voluntary, but there was also evidence to support a finding that the plaintiff was fired. If no further evidence appeared, then the District Court ruling would clearly be correct, because "[a] court may not displace an administrative board's choice between two fairly conflicting views." *Labor Relations Comm'n* v. *University Hosp., Inc.*, 359 Mass. 516, 521 (1971). However, there was also evidence that the plaintiff left his employment because of the employer's failure to pay him the full amount of wages provided for in his employment contract. The plaintiff and two other witnesses testified as to the terms of the agreement between the employees and the employer, and as to continuous dissatisfaction with pay procedures. Although the employer asserted that the employees were incorrect in their interpretation of the wage agreement, he did not offer a different interpretation, and his testimony in other aspects appears to confirm the description as stated by the employees. The plaintiff also pro-

duced documentation to show that he indeed had not been paid all the wages due him. He testified that this was an ongoing problem between himself and the employer. The plaintiff also stated that as a result of these problems he had filed a complaint with the State Board of Labor Relations, and that the board had recommended that $150 would be a proper settlement of his wage claim. This evidence was largely uncontradicted by the testimony of the employer.

Most of the evidence just described was adduced at the second hearing before the board of review. Nevertheless, the board adopted the findings of the review examiner. Those findings focused primarily on the question whether the plaintiff's separation was voluntary, although they did state that "it has not been established that the claimant was deprived of wages earned." The board's adoption of this finding, with no discussion of the plaintiff's evidence to the contrary, suggests that this evidence may have been overlooked by the board. We do not say that the plaintiff established as a matter of law that his separation was with good cause attributable to the employer. The burden of proof was on the plaintiff, *Sohler* v. *Director of the Div. of Employment Security*, 377 Mass. 785, 788 n.1 (1979), and the board is the sole judge of credibility and the weight of the evidence, *Keough* v. *Director of the Div. of Employment Security*, 370 Mass. 1, 3 (1976). However, in the face of substantial and largely uncontradicted evidence that the plaintiff left his job at least in part because of the employer's violations of the wage agreement, the board's decision cannot stand without subsidiary findings of fact to support its ultimate conclusions. See *Smith* v. *Director of the Div. of Employment Security*, 376 Mass. 563 (1978). In the circumstances here, such subsidiary findings should include treatment of this evidence and an explanation why it is not controlling as to the result. The judgment of the District Court is reversed and judgment is to enter remanding the proceedings to the Division of Employment Security for further findings as to whether the plaintiff was deprived of wages earned, and if so whether, under the circumstances, his leaving was with good cause attributable to the employer.

*So ordered.*

*Suzanne Harris* for the plaintiff.

*Paul J. Molloy*, Assistant Attorney General (*George J. Mahanna*, Assistant Attorney General, with him) for the defendant.