SOPHIE UVELLO vs. DIRECTOR OF THE DIVISION OF
EMPLOYMENT SECURITY & another.[1]

Norfolk.   December 5, 1985 — February 25, 1986.

Present: HENNESSEY, C.J., WILKINS, LIACOS, ABRAMS, & NOLAN, JJ.

*Employment Security,* Good cause, Voluntary unemployment, Findings.

A finding by a review examiner of the Division of Employment Security that
  an applicant for unemployment benefits had left her job voluntarily,
  without good cause attributable to the employing unit, was supported
  by substantial evidence; however, the review examiner's failure to make
  findings on the applicant's claim that a unilateral change in her duties
  imposed by the employer rendered her job unsuitable required remand
  of the case to the Division of Employment Security. [814-817]

CIVIL ACTION commenced in the Boston Municipal Court
Department on December 2, 1983.

Upon transfer to the Quincy Division of the District Court
Department, the case was heard by *James W. Dolan, J.*

*Ruth Diaz-Aguilar* for the employee.

*Wendy Thaxter,* Assistant Attorney General, for Director of
the Division of Employment Security.

HENNESSEY, C.J. The claimant, Sophie Uvello, left her job
at a rest home on August 17, 1983. Her application for un-
employment compensation was denied on September 6, 1983,
on the ground that her leaving was without good cause attribut-
able to her employing unit. See G. L. c. 151A, § 25 (*e*) (1)
(1984 ed.). After a hearing held on September 30, 1983, a
review examiner of the Division of Employment Security de-
nied unemployment benefits on the grounds that the claimant
left work for personal reasons "not urgent, compelling, or
necessitous in nature," and that "her leaving was voluntary
without good cause attributable to the employing unit." The

---

[1] Brookbend Rest Home, Inc.

board of review denied the claimant's application for review on November 2, 1983, making the decision of the review examiner final. A judge of the Quincy Division of the District Court affirmed the decision of the board of review and reported the case to this court. G. L. c. 151A, § 42.

We summarize the relevant evidence presented at the hearing held before the review examiner. Uvello was employed by the Brookbend Rest Home, Inc., for eleven years. She worked the 6 A.M. to 2 P.M. shift as a cook, preparing breakfast and lunch for the patients. On June 1, 1983, a new owner assumed responsibility for the management of the rest home. The employer, in July, 1983, assigned Uvello additional duties of cleaning kitchen walls which had previously been performed by Uvello's helper. Although displeased with this change in her work assignment, Uvello complied with her employer's direction and continued to work.

On August 17, 1983, the employer notified Uvello that he was changing and reducing her hours to 11 A.M. to 6 P.M. The employer also informed her that another employee of the rest home was assigned Uvello's duties as the breakfast and luncheon cook. The employer assigned Uvello to duties on the new shift that included cleaning stairs and walls and helping as needed with the preparation of the lunch and evening meals. Immediately after being informed of the change in hours and job responsibilities by her employer, Uvello terminated her employment.

Uvello was not represented by counsel at the hearing before the review examiner. At the hearing she testified that she left the employ of the rest home because her husband would not be willing to provide transportation at the times of day required by the new shift and because she "didn't like the hours and the work he was telling me to do. . . . I'm hired to handle food, not to wash walls and stairs." Additionally, Uvello testified that the new hours her employer required her to work would interfere with her responsibilities for preparing the evening meal for her husband, her forty-three year old daughter, her son-in law and her granddaughter. The employer did not appear at the hearing. The review examiner found "that the

claimant left her work rather than accept a change in her work hours because of personal reasons." Further, the review examiner found that "such reasons were not urgent, compelling or necessitous in nature. Therefore, her leaving was voluntary without good cause attributable to the employing unit and she is subject to the disqualifying provisions of Section 25 (*e*) (1) of the Law."

Uvello contends that the board's decision disqualifying her from receiving unemployment compensation benefits under G. L. c. 151A, § 25 (*e*) (1), is unsupported by substantial evidence and is based on an error of law. Specifically, she argues that substantial evidence was lacking to support the board's conclusion that Uvello left her rest home job voluntarily out of dissatisfaction with the change in hours without good cause attributable to the employing unit. Additionally, she contends that the board's failure to consider and make findings regarding the unilateral change in job duties imposed by her employer constituted an error of law. See *Keough* v. *Director of the Div. of Employment Sec.*, 370 Mass. 1, 3 (1976) (decision of the board of review may be set aside or modified if the court determines that the substantial rights of any party were prejudiced due to a constitutional violation, error of law, or if the decision is unsupported by substantial evidence). We conclude that the board's findings relating to the change in hours were supported by substantial evidence, but we think that the board erred in failing to make findings regarding Uvello's claim that the change in duties rendered her job unsuitable.

1. The board found that on the claimant's last day of work her employer had informed her that her hours were being changed from 6 A.M. to 2 P.M. to 11 A.M. to 6 P.M., and that "[s]he refused to accept the change in her hours and left her work." Based on this finding, the board concluded that her reasons for refusing to accept the change in hours — her husband's unwillingness to provide transportation for the new hours and interference with her family responsibilities — were not "urgent, compelling, or necessitous in nature," and that her leaving was "voluntary without good cause attributable to the employing unit." In so far as these findings and conclusions

related to the personal reasons (transportation and family responsibilities) of the claimant, they were supported by substantial evidence supplied by Uvello through her testimony at the hearing.

Personal reasons such as family responsibilities and insurmountable transportation problems can constitute good cause to decline otherwise suitable employment. *Manias* v. *Director of the Div. of Employment Sec.*, 388 Mass. 201, 204 & n.5 (1983) (family obligations). *Conlon* v. *Director of the Div. of Employment Sec.*, 382 Mass. 19, 23-24 (1980) (child care responsibilities). The burden of proving eligibility rests with the claimant. *Manias* v. *Director of the Div. of Employment Sec., supra* at 203. Even if we assume that the review examiner accepted Uvello's testimony as true, the conclusions he drew therefrom were warranted. Before leaving her job, Uvello made no effort to determine whether in fact her husband would have transported her to and from the rest home for the new shift. There was no error in the board's conclusion that Uvello's transportation problems did not constitute a sufficiently compelling circumstance to render her unemployment involuntary. See *Raytheon Co.* v. *Director of the Div. of Employment Sec.*, 364 Mass. 593, 595-597 (1974). The board also did not err in concluding that the family obligations cited by Uvello as requiring her to refuse to change her hours were not "urgent, compelling or necessitous." A reasonable person could conclude, based on Uvello's testimony, that responsibility for preparing dinner for her husband, forty-three year old daughter, son-in-law, and granddaughter was not an obligation compelling Uvello to reject a shift ending at 6 P.M. See *Zukoski* v. *Director of the Div. of Employment Sec.*, 390 Mass. 1009 (1984); *Manias* v. *Director of the Div. of Employment Sec., supra* at 204 & n.6; Conlon v. *Director of the Div. of Employment Sec., supra* at 23.

2. Although we have concluded that the board's determination that Uvello's personal circumstances did not render her departure involuntary is supported by substantial evidence, we do not think the board made adequate findings to support its determination that Uvello's departure was without good

cause under § 25 (*e*) (1). "[A] review examiner's decision is unacceptable if it does not contain sufficient subsidiary findings to demonstrate that correct legal principles were applied." *Lycurgus* v. *Director of the Div. of Employment Sec.*, 391 Mass. 623, 626-627 (1984). *Guarino* v. *Director of the Div. of Employment Sec.*, 393 Mass. 89, 92 (1984). *Smith* v. *Director of the Div. of Employment Sec.*, 376 Mass. 563, 566 (1978). Without findings on all material issues, this court cannot exercise its appellate function. *Smith* v. *Director of the Div. of Employment Sec.*, *supra*. The claimant testified at the hearing before the review examiner that, in addition to her objection to the change in hours, she did not wish to accept the change in job duties which she stated would have accompanied the change in hours. While there is substantial evidence to support the board's conclusion, the issue of whether the change in duties constituted good cause for Uvello to leave her job should have been considered and decided by the board. *Manias* v. *Director of the Div. of Employment Sec.*, *supra* at 204. *Smith* v. *Director of the Div. of Employment Sec.*, *supra* at 568. Because the board made no findings on these factual issues, we do not know whether the review examiner rejected Uvello's testimony or merely disregarded it.

If the claimant "was required by her employer to perform work that was 'clearly antithetical to that for which she was initially employed,' she might have been entitled to terminate her employment and receive unemployment benefits." *Guarino* v. *Director of the Div. of Employment Sec.*, *supra* at 93, quoting *Sohler* v. *Director of the Div. of Employment Sec.*, 377 Mass. 785, 789 (1979). As we have stated *supra,* the burden of establishing eligibility for benefits is on the claimant. The board must make findings, however, to support its conclusions. The findings should indicate whether or not relevant evidence on all material factual issues was believed by the examiner, and if so, should indicate whether the evidence is or is not controlling on the issue of eligibility for benefits. See *Svoboda* v. *Director of the Div. of Employment Sec.*, 386 Mass. 1004, 1005 (1982); *Jacobsen* v. *Director of the Div. of Employment Sec.*, 383 Mass. 879, 880 (1981).

Because the review examiner failed to make findings suffi-
cient to enable us to exercise our review function, we remand
the case for further findings by the board. Accordingly, the
judgment of the District Court is reversed. Judgment is to be
entered in the District Court remanding this case to the Division
of Employment Security for further proceedings consistent with
this opinion.

*So ordered.*