**Iris LAMBOTT, Appellant,**

v.

**JOB SERVICE NORTH DAKOTA, Appellee.**

Civ. No. 920299.

Supreme Court of North Dakota.

March 24, 1993.

Daniel J. Chapman, Chapman and Chapman, Bismarck, for appellant.

Douglas A. Bahr, Asst. Atty. Gen., Bismarck, for appellee.

SANDSTROM, Justice.

Job Service of North Dakota disqualified Iris Lambott from unemployment benefits because she failed, without good cause, to apply for suitable employment. Lambott appeals from a district court judgment upholding Job Service. We affirm.

For ten years, Iris Lambott[1] was a part-time employee of Capitol Hearing Aid Service of Bismarck. On July 31, 1991, she was laid off because of lack of work. On August 6, 1991, she applied for unemployment compensation. A week later, Job Service offered her a referral to a full-time position[2] with Cloverdale Foods Company. The food processing firm had an opening for a phone service representative in Mandan. The position paid $1.25 an hour more than her previous job. Lambott refused the referral:

> "I refused the referral to Cloverdale Foods because of the location. I am looking for work in the Bismarck area only. I think that having to drive to Mandan would cost too much. I also didn't feel I could do the work required on the computer. I haven't used a computer since 1980."[3]

Job Service disqualified Lambott from benefits because she had refused the referral without good cause. Lambott appealed the decision. After hearing, Job Service upheld the denial of benefits. Lambott appealed to district court. The district court ordered Job Service to take additional transportation evidence. After that hearing, Job Service affirmed its previous denial of benefits. The district court affirmed the Job Service decision.

N.D.C.C. § 28–32–19[4] sets the standard for reviewing an appeal from an administrative agency decision. We review the decision of the agency, not the decision of the district court. *Schadler v. Job Service North Dakota*, 361 N.W.2d 254, 256 (N.D.1985). We do not make independent findings of fact or substitute our judgment for that of the agency. We decide only whether a reasoning mind could have reasonably decided that the factual conclusions were proved by the weight of the evidence. *Power Fuels, Inc. v. Elkin*, 283 N.W.2d 214, 220 (N.D.1979); *Sonterre v. Job Service North Dakota*, 379 N.W.2d 281, 283 (N.D.1985).

Lambott says Job Service wrongly required her to prove good cause for refusing the referral. She contends that once a claimant otherwise qualifies, Job Service has the burden of proving a lack of good cause. We have not previously addressed the burden of proof under N.D.C.C. § 52–06–02(3).

Two subsections of Section 52–06–02, N.D.C.C., refer to good cause:

> "An individual is disqualified for benefits:
>
> "1. For the week in which he has left his most recent employment voluntarily *without good cause* attributable to the employer...."
>
> *    *    *
>
> "3. If he has failed, *without good cause*, either to accept suitable employment; to apply for suitable employment; or to return to his customary self-employment (if any) when so directed to do so by the bureau or its authorized representative...."
>
> *   *   *   *   *   *

(Emphasis added.)

In interpreting subsection 1, we have held that the employee has the burden of proving good cause for leaving. *Sonterre, supra*, at 285; *Erovick v. Job Service*, 409

---

1. Lambott is a British citizen who was admitted to the United States as an immigrant in 1954.

2. The position was described as: "Phone sales person in food service sales office. Contact customers, respond to questions, take order & input into computer, duties as assigned."

3. August 14, 1991, Claimant's Statement.

4. Under N.D.C.C. § 28–32–19, we must affirm an agency decision unless one of the following is present:

> "1. The order is not in accordance with the law.
> "2. The order is in violation of the constitutional rights of the appellant.
> "3. Provisions of this chapter have not been complied with in the proceedings before the agency.
> "4. The rules or procedure of the agency have not afforded the appellant a fair hearing.
> "5. The findings of fact made by the agency are not supported by a preponderance of the evidence.
> "6. The conclusions of law and order of the agency are not supported by its findings of fact."

N.W.2d 629 (N.D.1987). Consistent interpretation of the parallel language in subsection 3 would place the burden of proving good cause on the employee. This interpretation places the burden on the party with particular knowledge of the claimed underlying facts. Similarly, we have held that under N.D.C.C. § 52–06–02(2) [5] an employer has the burden of establishing, by a preponderance of the evidence, claimed misconduct by an employee. *Schadler, supra,* at 257. Lambott would place on Job Service the burden of proving the negative—the existence or non-existence of unknown facts. Such an interpretation would lead to an absurd result that we must presume the legislature did not intend. N.D.C.C. § 1–02–38(3), (4); § 1–02–39(5).

Other courts have held that a claimant seeking unemployment compensation has the burden to show good cause to refuse to apply for or accept suitable work. *See, Owen v. Newberg Cedar,* 101 Idaho 77, 609 P.2d 144, 145–46 (1980); *Tobin v. Review Board of Indiana Employment Security Division,* 157 Ind.App. 610, 301 N.E.2d 404, 407 (1973); *Preiss v. Commissioner of Economic Security,* 347 N.W.2d 74, 76 (Minn.App.1984); *Shufelt v. Department of Employment,* 148 Vt. 163, 531 A.2d 894, 896 (1987).

■ Accordingly, we hold that, under N.D.C.C. § 52–06–02(3), the claimant has the burden of establishing, by a preponderance of the evidence, good cause for failing to apply for or accept suitable work. In this context, "good cause" is a reason that would cause a reasonably prudent person to refuse to apply for employment under the same or similar circumstances. *See Newland v. Job Service North Dakota,* 460 N.W.2d 118, 123 (N.D.1990).

■ Lambott claims her skills and the distance of travel make it unlikely that she would be offered or could accept the position with Cloverdale. She cites a disabled husband, an old car, and a fear of driving on interstate highways as support of her position.

5. Section 52–06–02(2), N.D.C.C., provides, in part, that an individual is disqualified for benefits:

Job Service correctly applied the general rule that an employee is responsible for providing transportation to work. *See Mississippi Employment Security Commission v. Pulphus,* 538 So.2d 770, 772 (Miss. 1989); *Uvello v. Director of Division of Employment Security,* 396 Mass. 812, 489 N.E.2d 199 (1986). The general rule is not "iron-clad." Transportation problems, such as traveling distance, can establish good cause. Section 52–06–36, N.D.C.C., provides, in part:

*"Factors considered in determining suitability of work and good cause for voluntary leaving.* In determining whether or not any work is suitable for an individual and in determining the existence of good cause for voluntarily leaving his work under subsections 1 and 3 of section 52–06–02, there must be considered among other factors, and in addition to these enumerated in this section, the degree of risk involved to his health, safety, and morals, his physical fitness and prior training, his experience and prior earnings, the length of his unemployment, his prospects for obtaining work in his customary occupation, the distance of available work from his residence, and the prospects for obtaining local work."

■ Travel distance and job skills can be considered when determining good cause. A claimant, however, must make a good faith effort to overcome obstacles to referred employment. *Newland, supra,* at 122. Lambott did not establish a good faith effort to overcome her concerns about the referred position. Lambott did not investigate the availability of on-the-job training to enhance her skills. She did not investigate alternate routes of travel or car pooling. She did not investigate alternatives to meet her husband's needs.

Job Service reasonably concluded that Lambott refused without good cause to apply for employment. The judgment of

"For the week in which he has been discharged for misconduct in connection with his most recent employment...."

the district court affirming Job Service's denial of Lambott's benefits is affirmed.

VANDE WALLE, C.J., and MESCHKE, LEVINE and NEUMANN, JJ., concur.