Travers, J.
Plaintiff New England Power Company (“NEP”) has filed an appeal of an adverse ruling of the Massachusetts Commission against Discrimination (“MCAD”) on a complaint for gender discrimination. This court has jurisdiction to review the findings of the MCAD pursuant to G.L.c. 151B Sec. 6.
BACKGROUND
The relevant facts are briefly summarized as follows.
Theresa Senna (“Senna”) was an employee of NEP. She was hired in December of 1988 as a janitor for a six-month probationary period. She apparently had one incident with her supervisor during this time in which he placed his hand briefly on her knee. Later, Senna claims that this supervisor made suggestive comments to her. After the initial six month period, Ms. Senna was terminated, allegedly for poor work performance, substantiated by negative performance evaluations.
Senna was subsequently rehired at NEP for another six month probationary period. Again, she was terminated, allegedly for poor performance.
Ms. Senna filed a timely complaint with the MCAD for gender discrimination. There was an initial determination by Investigating Commissioner, Michael Duffy (“I.C.”), that the complaint lacked probable cause and was dismissed. Senna appealed this dismissal, offering new evidence that she had been sexually harassed by her supervisor to support her claim. Duffy then concluded that there was probable cause to find discrimination and ordered a public hearing of the matter.
*249 The Hearing Commissioner, Eugenia Guastaferri (“H.C.’j, conducted a two-day hearing of Senna’s complaint in April 1993. After that hearing, the H.C. concluded that there was sufficient evidence that Senna had been fired as the result of gender discrimination. The H.C. issued written findings of fact and ordered NEP to pay damages to Senna and to refrain from further discriminatoiy practices.
NEP appealed the decision of the H.C. to the full board of the MCAD. The appeal was heard by a three-member board, the chairman of which was Michael Duffy. The board affirmed the decision of the H.C. with slight modifications of the damage award due to mathematical errors in calculation. NEP then filed this suit in superior court for judicial review of the MCAD proceedings.
DISCUSSION
The Code of Massachusetts Regulations sets forth the rules and procedures which the MCAD must follow in making its findings. The following are the rules and procedures which are relevant to the case at bar.
A complaint must be filed with the MCAD no later than six months after the alleged wrongful conduct. 804 CMR 1.03(2). Complaints can be amended to amplify allegations and will relate back to the original filing date. 804 CMR 1.03(5). The Investigating Commissioner (“I.C.”) finds probable cause if there is “sufficient evidence upon which a fact-finder could form a reasonable belief that the respondent committed an unlawful practice.” 804 CMR 1.13(a). A complainant can appeal a lack of probable cause finding by submitting reasons why the decision was in error and presenting evidence as the I.C. deems appropriate. 804 CMR 1.13(d).
Once the I.C. makes a finding of probable cause, the complaint proceeds to a public healing, presided over by the Hearing Commissioner (“H.C.”). The H.C. is NOT bound by the rules of evidence, although it is suggested that the H.C. follow as closely as possible the current evidence rules of the trial courts. 804 CMR I.15(14). The ruling found at the public hearing can be appealed to another hearing by the full commission. Neither the I.C. nor the H.C. may sit on the appeal proceeding. 804 CMR 1.16(3).
The finding of the MCAD is subject to judicial review by the superior court upon motion by any party. The superior court can set aside the finding and remand the case to the MCAD for further review, or can reverse or modify the decision if the court finds it was made beyond the jurisdiction of the MCAD or unsupported by substantial evidence. G.L.c. 30A, Sec. 14(7). Substantial evidence has been interpreted to mean what a “reasonable mind might accept as adequate to support a conclusion.” Katz v. MCAD, 365 Mass. 357 (1974). The superior court in its review process, however, cannot make credibility determinations. Hickey v. Commissioner of Public Welfare, 38 Mass.App.Ct. 259 (1995).
I. Inclusion of Sexual Harassment Evidence
The plaintiff contends that the evidence relating to sexual harassment by an NEP supervisor introduced by Senna in the review of the lack of probable cause finding was barred by the statute of limitations. The Code of Massachusetts Regulations requires a complainant to file a claim with the MCAD within 6 months of the occurrence of the alleged wrongful conduct. 804 C.M.R 1.03(2). Senna submitted evidence of her sexual harassment 2 years after the filing of her original MCAD complaint. Michael Duffy, the I.C. who first investigated the complaint, found that the harassment allegations were “subsumed within the gender based disparate treatment claim.” Thus, in his opinion, this was not a new claim brought by Senna but rather additional evidence offered to support her original claim of sexual discrimination. Duffy, pursuant to 804 C.M.R 1.13(d), had the prerogative to consider any “such evidence in support of [Senna’s] argument as [Duffy deemed] appropriate.” Moreover, amendments to the complaint are freely allowed to “amplify allegations” in the complaint and relate back to the date of the original filing. 804 C.M.R. 1.03(5). Therefore, the introduction of the evidence of alleged sexual harassment was not time-barred since it was merely more evidence related to Senna’s original discrimination claim which had been timely filed.
II. Sufficiency of MCAD’s Factual Findings
Pursuant to G.L.c 30A, this court must find that there was substantial evidence to support the conclusions of the Hearing Commissioner. The law requires the complainant first to make a prima facie showing of discrimination. The employer may then counter with evidence that the termination of the complainant was for a legitimate reason. The burden then shifts back to the complainant to show that the proffered reason is in fact a pretext. Once the complainant proves a pretext, the complainant has met her burden in proving discrimination. The Hearing Commissioner found that Senna had made a prima facie showing of gender discrimination and had shown that the reason cited by NEP for Senna’s dismissal was in fact a pretext and subsequently found in favor of Senna.
Plaintiff and defendant disagree as to the elements of a prima facie showing of gender discrimination. Plaintiff cites to a 1991 Supreme Judicial Court decision which holds that a complainant must prove that her employer sought a replacement with similar qualifications. See White v. University of Massachusetts at Boston, 410 Mass. 553 (1991).[1] Defendant, on the other hand, cites federal cases, from this circuit and elsewhere, that predate White, and hold that a complainant need only show that others not in the protected class were treated differently.
*250 This court finds the White case to be controlling, and as such, holds that Massachusetts law requires a complainant to show that her employer sought a replacement with similar qualifications to make a prima facie showing of gender discrimination.
Plaintiff argues that Senna offered no evidence that NEP employed a worker with the same qualifications as Senna after her termination. Indeed, the record is devoid of any reference to who, if anyone, was employed to fill the vacancy created by Senna’s termination. The record only contains sufficient evidence indicating that similarly situated men already employed at NEP were treated in a different manner from Senna. Since there is a complete lack of evidence regarding Senna’s replacement and the replacement’s qualifications, which is necessary to a prima facie showing, the MCAD could not have properly concluded that the complainant met her burden of proof.
In addition, plaintiff argues that the MCAD failed to consider testimony from several NEP employees regarding Senna’s poor job performance in its findings. Specifically, plaintiff calls the court’s attention to the statements of Larry Bailey, Tom Rogers, Ann Grady, and John Parliman, all of whom cite incidents of Senna’s poor performance.
The MCAD must consider “all issues relevant and material to the ultimate issue to be decided.” School Comm. of Chicopee v. Massachusetts Comm’n against Discrimination, 361 Mass. 352 (1972). Evidence of negative performance reviews which are part of the reason to fire the employee has been held to be relevant and material. Id. There is no indication in the MCAD’s findings of fact that it considered the testimony of these co-workers. Although it is the prerogative of the MCAD to weigh the evidence presented to it for credibility, there must be an indication that all relevant proffered evidence was considered and subsequently dismissed. Because the MCAD’s findings ignore relevant evidence of Senna’s poor performance, the MCAD could not have found sufficient facts that complainant met her burden.
III. Procedural Problems With the Appeal Process
Plaintiff argues and defendant concedes that the MCAD erred by allowing Michael Duffy, the I.C. of Senna’s claim, to sit on the appeal of the H.C.’s findings. This is a direct violation of804 C.M.R 1.16(3) (“Neither the I.C. nor the H.C. shall sit on the appeal proceeding”). Duffy’s participation on the appeal board created at least the appearance of bias on the part of the MCAD.
The court finds this occurrence troublesome. Even though the MCAD may be able to show that Mr. Duffy’s decision was in fact unbiased, the situation nevertheless creates the appearance of bias which the regulations seek to avoid. It is unclear from the record how this prejudiced the plaintiff. However, given this occurrence, as well as the problems with some of the MCAD’s factual findings discussed supra, this court finds it appropriate to vacate the decision of the MCAD and remand the case for further hearings which address and correct the problems raised in this opinion.
ORDER
For the foregoing reasons, the court ORDERS that the administrative findings of the Massachusetts Commission against Discrimination in regard to Theresa Senna be VACATED and the case REMANDED to the MCAD for a new hearing.

Plaintiffs reliance on Beal v. Board of Selectmen is misplaced since the Beal decision enumerates the elements of a prima facie case of handicap discrimination and recognizes that “the facts necessary to establish a prima facie case of discrimination will vary depending on the circumstances of each case.” Beal v. Board of Selectmen, 419 Mass. 535, 541 (1995).